IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>Plaintiff(s),<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant(s). | C.A. No. 05-552 SLR |

## ANSWER AND COUNTERCLAIM

### ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Applied Materials, Inc. ("Applied"), hereby responds to the Complaint of SEZ Holding AG, SEZ AG, Kurt Langen and Philipp Engesser (collectively, "SEZ"). Applied denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may be asserted to follow from the admitted facts. Applied denies that SEZ is entitled to the relief requested or any other.

### The Parties

1.  Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and on that basis denies them.

2.  Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 and on that basis denies them.

3.  Applied denies that Kurt Langen ("Langen") and/or Philipp Engesser ("Engesser") have, or have ever had, any inventor's rights or other rights in U.S. Patent

No. 6,708,701 ("the '701 patent"). Applied is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and on that basis denies them.

    4.    Admitted.

### Jurisdiction and Venue

    5.    Admitted.

    6.    Admitted.

### Background Facts

    7.    Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into a confidential Joint Development Agreement ("JDA") and that, with the exception of the first page of Exhibit 1, the remainder of Exhibit 1 attached to the Complaint appears to be a copy of the JDA and a related addendum. Except as expressly admitted, all other allegations in paragraph 7 are denied, and Applied respectfully references the JDA which speaks for itself.

    8.    In response to the allegations of the first and third sentences of paragraph 8, Applied denies them to the extent they deviate from the express language of the JDA and otherwise respectfully references the JDA which speaks for itself. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 8 are denied.

    9.    Applied admits that on October 16, 2001, Applied filed a U.S. Patent Application No. 09/981,589 ("the '589 application") with the U.S. Patent and Trademark Office. Applied also admits that Ramin Emami is the properly named inventor of the '589 application, and that Applied had no obligation to obtain an express written consent or to seek assistance of SEZ (including Langen or Engesser) regarding the filing of the '589 application, and did not do so. Except as expressly admitted, all other allegations in paragraph 9 are denied.

10. Admitted.

11. Denied.

### Count I:  Correction of Named Inventor

12. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any deceptive intent of Messrs. Langen and Engesser regarding the '701 Patent, and on that basis denies them.  Applied otherwise affirmatively denies all allegations set forth in paragraph 12.

13. Denied.  The Complaint fails to serve as adequate notice of any claims SEZ may have against Applied because the allegations and claims asserted therein are vague, ambiguous, incomplete as a matter of fact and law, based upon erroneous and improper assumptions and conclusions of fact and law, and unintelligible.

14. Denied.

### Count II:  Conversion

15. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 regarding SEZ's purported ownership of undefined "patentable inventions," and on that basis denies them.  Applied also denies the allegations of paragraph 15 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself.  All other allegations of paragraph 15 are denied.

16. Denied.

### AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Applied specifically reserves the right to allege additional affirmative defenses as factual information in support of which becomes known through the course of discovery.

### First Affirmative Defense
### (Re Counts I and II: Failure to State a Claim)

17. The Complaint fails to state a claim against Applied upon which relief can be granted.

### Second Affirmative Defense
### (Re Counts I and II:  Laches)

18. SEZ's belated assertions of inventorship under 35 U.S.C. § 256 and belated conversion claim based on its alleged inventorship are barred by the doctrine of laches.

### Third Affirmative Defense
### (Re Counts I and II:  Estoppel)

19. SEZ's belated assertions of inventorship and belated conversion claim based on its alleged inventorship are barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense
### (Re Counts I and II:  Acquiescence)

20. SEZ's belated assertions of inventorship and belated conversion claim based on its alleged inventorship are also barred by the doctrine of acquiescence.

### Fifth Affirmative Defense
### (Re Count II:  Preemption by Federal Patent Law)

21. To the extent SEZ's conversion claim is based on an alleged interference with or appropriation of its purported rights in the '589 application, the '701 patent, or the invention(s) disclosed therein, or is premised upon a claim of inventorship in the '701 patent, it is preempted by the Federal patent law.

### Sixth Affirmative Defense
### (Re Count II:  Preemption by California Uniform Trade Secrets Act)

22. To the extent SEZ's conversion claim is based on an alleged misappropriation of trade secrets or confidential information, and to the extent California law governs SEZ's conversion claim, it is preempted by California Uniform Trade Secrets Act.

**Seventh Affirmative Defense**
**(Count II:  Statute of Limitations)**

23. SEZ's conversion claim is barred by the three-year statute of limitations under either California or New York laws.

**COUNTERCLAIM**

Applied asserts the following counterclaim:

24. In addition to the counterclaim set forth below, Applied specifically reserves the right to allege additional counterclaims as factual information in support of any additional counterclaims becomes known through the course of discovery.

25. Applied is a Delaware corporation with its principle place of business located in Santa Clara, California.

26. Upon information and belief, SEZ Holding AG is a corporation organized under the laws of Switzerland with its principal place of business located in Zurich, Switzerland.

27. Upon information and belief, SEZ AG is a corporation organized under the laws of Austria with its principal place of business located in Villach, Austria.

28. Upon information and belief, Kurt Langen is a citizen of Germany residing in Villach, Austria, and is an employee of SEZ AG.  Upon information and belief, Phillipp Engesser is a citizen of Germany residing in Lindau, Germany, and is an employee of SEZ AG (hereinafter SEZ Holding AG, SEZ AG, Kurt Langen, and Phillipp Engesser are referred to collectively as "SEZ").

29. This Court has subject matter jurisdiction over the counterclaim and the relief requested in this pleading under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

30. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and the Court has jurisdiction over SEZ because, among other reasons, SEZ brought a complaint contesting the inventorship of the '701 patent in this Court.

5

31. U.S. Patent No. 6,786,996 B2 ("the '996 patent"), was duly issued on September 7, 2004, and properly lists Ramin Emami as the sole inventor and Applied as the assignee. A copy of the '996 patent is attached as Exhibit 1 hereto.

32. The '996 patent was filed on the same day, named the same sole inventor, set forth a substantially identical specification, and included substantially the same Figures as the '701 patent that is the subject of SEZ's Complaint.

33. The '996 patent was prosecuted before the same patent examiner at the U.S. Patent & Trademark Office as the '701 patent.

34. The subject matter of the '996 and '701 patents substantively overlap (e.g., each patent relates to inventions for removal of an edge bead from a substrate).

35. As in the case of the '701 patent, SEZ has now allowed the statutory period in which to initiate an interference in the U.S. Patent and Trademark Office to properly contest the inventorship of the claims of the '996 patent to expire.

36. In light of the above facts and the allegations and claims set forth in SEZ's Complaint regarding the '701 patent, Applied is reasonably apprehensive that SEZ will imminently sue Applied, will set forth the same or substantially similar allegations as stated in SEZ's Complaint, will seek to have inventorship of the '996 patent changed and to have SEZ AG declared the owner of the inventions claimed in the '996 patent, and will seek a judgment that Applied converted the invention claimed in the '996 patent from SEZ.

37. Based upon paragraphs 24-36 set forth above, an actual controversy has arisen and now exists between Applied and SEZ as to inventorship and ownership of the '996 patent.

38. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Applied requests a declaration from the Court that: (a) SEZ is not entitled to an Order changing inventorship of the duly issued '996 patent; (b) SEZ AG is not entitled to

ownership of the '996 patent; and (c) Applied has not converted the invention or subject matter claimed in the '996 Patent from SEZ.

### PRAYER FOR RELIEF

WHEREFORE, Applied prays for entry of judgment against SEZ as follows:

i. That SEZ take nothing by its Complaint;

ii. That SEZ's Complaint be dismissed with prejudice;

iii. A declaration that: (a) SEZ is not entitled to an Order changing inventorship of the duly issued '996 patent; (b) SEZ AG is not entitled to ownership of the '996 patent; and (c) Applied has not converted the invention or subject matter claimed in the '996 Patent from SEZ.

iv. That Applied be awarded its costs, expenses and reasonably attorneys fees in this action, including, *inter alia*, the issuance of a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

v. That the Court grant Applied any such other and further relief as the Court may deem just and proper.

Dated: December 2, 2005    FISH & RICHARDSON P.C.


By: /s/ *Thomas L. Halkowski*
    Thomas L. Halkowski (#4099)
    919 N. Market Street, Suite 1100
    P.O. Box 1114
    Wilmington, DE  19899-1114
    Tel:  (302) 652-5070
    Fax:  (302) 652-0607

    *Of Counsel*:

    Frank E. Scherkenbach
    Fish & Richardson P.C.
    225 Franklin Street
    Boston, MA  02110-2804
    Tel:  (617) 542-5070
    Fax:  (617) 542-8906

    Katherine Kelly Lutton
    Limin Zheng
    Fish & Richardson P.C.
    500 Arguello Street, Suite 500
    Redwood City, CA  94063
    Tel:  (650) 839-5070
    Fax:  (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2005, I electronically filed the attached **ANSWER AND COUNTERCLAIM** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| John W. Shaw<br>Josy W. Ingersoll<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

I hereby certify that on the 2nd day of December 2005, I have mailed by United States Postal Service, the document to the following non-registered participant.

| | |
|---|---|
| Douglas V. Rigler<br>Andrew J. Patch<br>Michael Piziali<br>Young & Thompson<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

80028602.DOC