IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEZ HOLDING AG, SEZ AG, KURT
LANGEN, AND PHILIPP ENGESSER

    Plaintiff(s),

v.

APPLIED MATERIALS, INC.,

    Defendant(s).

C.A. No. 05-552 SLR

## REPLY TO PLAINTIFFS' COUNTERCLAIMS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant, Applied Materials, Inc. ("Applied"), hereby responds to the Counterclaims of SEZ Holding AG, SEZ AG, Kurt Langen and Philipp Engesser (collectively, "SEZ"). Applied denies each and every allegation contained in the Counterclaims that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may be asserted to follow from the admitted facts. Applied denies that SEZ is entitled to the relief requested or any other.

1. Applied incorporates by reference its responses to paragraphs 1-11 of SEZ's Complaint, as if fully set forth herein.

2. Admitted.

3. Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into a confidential Joint Development Agreement ("JDA") and that, with the exception of the first page of Exhibit 1, the remainder of Exhibit 1 attached to the Complaint appears to be a copy of the JDA and a related addendum. Except as

expressly admitted, all other allegations in paragraph 3 are denied, and Applied respectfully references the JDA which speaks for itself.

### Counterclaim I: Correction of Named Inventor

4. The allegations of paragraph 4 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 4 contains any factual allegations, they are denied.

5. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any deceptive intent of Messrs. Langen and Engesser regarding U.S. Patent No. 6,786,996 ("the '996 patent"), and on that basis denies them.

6. The allegations of paragraph 6 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 6 contains any factual allegations, they are denied.

7. The allegations of paragraph 7 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 7 contains any factual allegations, they are denied.

### Counterclaim II: Conversion

8. The allegations of paragraph 8 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 8 contains any factual allegations, Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 regarding SEZ's purported ownership of undefined "patentable inventions," and on that basis denies them. Applied also denies the allegations of paragraph 8 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself. Applied otherwise affirmatively denies any factual allegations set forth in paragraph 8.

9. The allegations of paragraph 9 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 9 contains any factual allegations, they are denied.

10. The allegations of paragraph 10 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 10 contains any factual allegations, they are denied.

11. Denied.

### Counterclaim III: Breach of Contract

12. Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into the JDA. Except as expressly admitted, all other allegations in paragraph 12 are denied, and Applied respectfully references the JDA which speaks for itself.

13. The allegations of paragraph 13 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 13 contains any factual allegations, they are denied.

14. Denied.

### Counterclaim IV: Misappropriation

15. The allegations of paragraph 15 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 15 contains any factual allegations, Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 regarding SEZ's purported, undefined "trade secret and other proprietary information," and on that basis denies them. Applied denies the allegations of paragraph 15 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself. Applied otherwise affirmatively denies any factual allegations set forth in paragraph 15.

16. The allegations of paragraph 16 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 16 contains any factual allegations,

Applied admits that it filed the patent applications that issued as the '996 patent and U.S. Patent No. 6,708,701 ("the '701 patent"), and admits that Applied is the rightful assignee of the '996 and '701 patents. Applied had no obligation to obtain permission from SEZ (including Messrs. Langen and/or Engesser) regarding the filing of the patent applications, and did not do so. Except as expressly admitted, any factual allegations in paragraph 16 are denied.

17. The allegations of paragraph 17 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 17 contains any factual allegations, they are denied.

18. Denied.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Applied specifically reserves the right to allege additional affirmative defenses as factual information becomes known through the course of discovery.

### First Affirmative Defense
### (Re All Counterclaims: Failure to State a Claim)

19. The Counterclaims fail to state a claim against Applied upon which relief can be granted.

### Second Affirmative Defense
### (Re All Counterclaims: Laches)

20. SEZ's belatedly asserted counterclaims are barred by the doctrine of laches.

### Third Affirmative Defense
### (Re All Counterclaims: Estoppel)

21. SEZ's belatedly asserted counterclaims are barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense
### (Re All Counterclaims:  Acquiescence)

22.     SEZ's belatedly asserted counterclaims are also barred by the doctrine of acquiescence.

### Fifth Affirmative Defense
### (Re Counterclaims II, III & IV:  Preemption by Federal Patent Law)

23.     To the extent SEZ's conversion, breach-of-contract and/or misappropriation counterclaims are based on an alleged interference with or appropriation of its purported rights in the '701 and '996 patents, the patent applications that issued as the '701 and '996 patents, or the inventions disclosed therein, or are premised upon a claim of inventorship in the '701 and/or '996 patents, they are preempted by the Federal patent law.

### Sixth Affirmative Defense
### (Re Counterclaims II & IV:  Preemption by California Uniform Trade Secrets Act)

24.     To the extent SEZ's conversion counterclaim is based on an alleged misappropriation of trade secrets or confidential information, and to the extent California law governs SEZ's conversion counterclaim, it is preempted by California Uniform Trade Secrets Act.

25.     To the extent California law governs SEZ's misappropriation counterclaim, it is preempted by California Uniform Trade Secrets Act.

### Seventh Affirmative Defense
### (Re Counterclaims II & IV:  Statute of Limitations)

26.     SEZ's conversion and misappropriation counterclaims are barred by the three-year statute of limitations under either California or New York laws.

## PRAYER FOR RELIEF

WHEREFORE, Applied prays that the Court dismiss SEZ's counterclaims with prejudice, deny in all respects SEZ's prayer for relief, and enter judgment against SEZ as follows:

    i.    That SEZ take nothing by its Counterclaims;

    ii.    That SEZ's Counterclaims be dismissed with prejudice;

    iii.    A declaration that: (a) SEZ is not entitled to an Order changing inventorship of the duly issued '701 or '996 patents; (b) SEZ AG is not entitled to ownership of the '701 or '996 patents; (c) Applied has not converted the inventions or subject matter claimed in the '701 or '996 patents from SEZ; (d) Applied has not breached the JDA; and (e) Applied has not misappropriated from SEZ any of SEZ's purported trade secrets or any subject matter claimed in the '701 or '996 patents;

    iv.    That Applied be awarded its costs, expenses and reasonably attorneys fees in this action, including, *inter alia*, the issuance of a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

    v.    That the Court grant Applied any such other and further relief as the Court may deem just and proper.

Dated: January 11, 2006　　　　　　　FISH & RICHARDSON P.C.


By: /s/ *Thomas L. Halkowski*
　　Thomas L. Halkowski (#4099)
　　919 N. Market Street, Suite 1100
　　P.O. Box 1114
　　Wilmington, DE  19899-1114
　　Tel:  (302) 652-5070
　　Fax:  (302) 652-0607

　　*Of Counsel*:

　　Frank E. Scherkenbach
　　Fish & Richardson P.C.
　　225 Franklin Street
　　Boston, MA  02110-2804
　　Tel:  (617) 542-5070
　　Fax:  (617) 542-8906

　　Katherine Kelly Lutton
　　Limin Zheng
　　Fish & Richardson P.C.
　　500 Arguello Street, Suite 500
　　Redwood City, CA  94063
　　Tel:  (650) 839-5070
　　Fax:  (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2006, I electronically filed the attached **REPLY TO PLAINTIFFS' COUNTERCLAIMS** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

| | |
|---|---|
| John W. Shaw<br>Josy W. Ingersoll<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Philipp*<br>*Engesser* |

I hereby certify that on the 11th day of January 2006, I have mailed by United States Postal Service, the document to the following non-registered participant.

| | |
|---|---|
| Douglas V. Rigler<br>Andrew J. Patch<br>Michael Piziali<br>Young & Thompson<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

50320924.DOC