IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>Plaintiff(s),<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant(s). | Civil Action No. 05-CV-552 (SLR) |

### [PROPOSED] SCHEDULING ORDER

This ___ day of January, 2006, the parties having satisfied their obligations under FED. R. CIV. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to FED. R. CIV. P. 16 and D. Del. LR 16.2(a) and (b),

**IT IS ORDERED** that:

1. **Pre-Discovery Disclosures**. The parties will exchange on January 31, 2006, the information required by FED. R. CIV. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) Discovery will be needed on the following subjects:

    (1) Inventorship of U.S. Patent Nos. 6,708,701 ("the '701 patent") and 6,786,996 ("the '996 patent") (collectively, "patents-in-suit"); and

    (2) Alleged damages related thereto.

    (b) All fact discovery shall be commenced in time to be completed by September 15, 2006;

    (1) Document production shall be completed on or before April 14, 2006;

(2) Maximum of twenty-five (25) interrogatories by each side to the other side;

(3) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive;

(4) Maximum of thirty (30) requests for admission by each side to the other side;

(5) In the absence of agreement by the parties or by order of the Court no deposition (other than those noticed under FED. R. CIV. P. 30(b)(6)) shall be scheduled prior to the completion of document production;

(6) Maximum of 100 hours per side for fact depositions (i.e., exclusive of expert and 30(b)(6) depositions). Absent agreement by the parties, each fact deposition shall be limited to a maximum of seven (7) hours, except that the parties agree additional time will be necessary to depose foreign language witnesses and the parties will confer in good faith regarding the amount of additional time that is necessary, as appropriate, for each such foreign language witness.

(c) Expert discovery shall be commenced in time to be completed by November 17, 2006:

(1) Expert reports on issues for which the parties have the burden of proof are due September 15, 2006. Rebuttal expert reports are due October 13, 2006;

2

(2) Expert depositions to be limited to a maximum of ten (10) hours per expert unless extended by agreement of the parties or by order of the Court;

(3) All *Daubert* motions shall be filed on or before December 29, 2006.

(d) Supplementations under Rule 26(e) shall take place in a timely manner as required under that rule, and shall be made no later than September 15, 2006.

(e) Discovery Disputes:

(1) The Court shall conduct in-person discovery status conferences on May 17, 2006, from 4:30 p.m. to 5:30 p.m., and on July 19, 2006, from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties;

(2) The Court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order;

(3) Absent express approval of the Court following a discovery conference, no motions pursuant to FED. R. CIV. P. 37 shall be filed.

(f) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate

unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before January 31, 2006.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a settlement.

5. **Claim Construction Issue Identification**. If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on October 20, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before November 3, 2006. Briefing shall be pursuant to D. Del. LR 7.1.2, except that reply briefs shall be filed on or before November 27, 2006. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7. **Claim Construction**. The parties shall agree upon and file a Joint Claim Construction Statement on October 27, 2006, with the claim chart separately docketed. If a party seeks summary judgment on any issue, the briefing of claim construction issues shall be set forth within the parties' briefing regarding summary judgment. A party not filing a summary judgment motion, may submit an opening and reply brief devoted to claim construction issues pursuant to the schedule for filing summary judgment motions.

Issues of claim construction shall be considered by the Court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be held on December 15, 2006 at _____ a.m. / p.m..

8. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on March 26, 2007 at _____ a.m. / p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial**. This matter is scheduled for a five-day bench trial commencing on April 23, 2007, in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

Dated: _____        _____
                                       United States District Judge