IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ Holding AG, <br> SEZ AG, <br> Kurt Langen, and <br> Philipp Engesser, <br><br> Plaintiffs, <br><br> v. <br><br> Applied Materials, Inc., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-552 (SLR) <br> ) <br> ) <br> ) <br> ) <br> ) |

## [PROPOSED] PROTECTIVE ORDER

It appearing that certain information subject to discovery in this action might include trade secrets or otherwise be confidential, and the parties having agreed to the provisions of this Order; NOW, THEREFORE, in the interest of permitting discovery to proceed,

IT IS HEREBY ORDERED by the Court that:

1. Any document or thing reasonably regarded by the producing party as containing confidential information may be marked "CONFIDENTIAL"[1] under the terms of this Protective Order. As a general guideline, confidential information or materials designated as "CONFIDENTIAL" shall be those things that may be produced to the parties for the purposes of this litigation, but which are of a proprietary, business or technical nature that might be of value to a competitor, potential customer, or vendor of the party, or holding the proprietary rights thereto, and must be protected from disclosure to such individuals or entities and/or third parties.

---

[1] All references herein to "Confidential" are hereby deemed to be interchangeable with the phrase "Confidential Attorneys Only".

[Proposed] PROTECTIVE ORDER

2.  Anything marked as "CONFIDENTIAL" may be used solely for purposes of this action and may be disclosed by the receiving party only to (i) outside counsel for the parties to this action; (ii) such counsel's paralegals, translators and clerical employees whose function require their access to the confidential information; (iii) qualified persons taking testimony involving Designated Material and necessary stenographic and clerical personnel thereof; and, subject to the restrictions set forth below in paragraph 10, deposition or trial witnesses; (iv) any person noted on the "CONFIDENTIAL" document as being an author or recipient; (v) the Court and the Court's staff; (vi) experts who are independent of the receiving party, not regularly employed by or associated with the receiving party and whose advice and consultations may be used by the receiving party in connection with this action; *provided*, however, (a) that the name, address and current employment (if any) of any such expert shall be furnished to the producing party at least 14 days in advance of the expert being given access to confidential information; *provided further*, (b) that if written objection to the disclosure is provided by the producing party to the receiving party within the 14-day period no disclosure shall be made for an additional 10 days in order that the opposing party may petition the Court for further protection and if such petition is filed, no disclosure shall be made until the Court rules on the petition; *provided further* (c) that prior to receipt of confidential information the expert shall execute the form Exhibit A hereto, and (vii) persons named in paragraph 3 of this Protective Order, subject to the conditions stated in that paragraph.

3.  Any document or information protected as confidential under this Order may be disclosed by the receiving party to Gerhard Kontrus, in-house counsel for SEZ AG, and Phil Alden, in-house counsel for Applied Materials, Inc., *provided* however that (a) both persons agree in writing not to be involved with any patent prosecution issues pertaining to patents

relating to technology for removal from a wafer of excess peripheral copper plating from the time of such agreement to a time 18 months after a final determination of this litigation, including all appeals, nor shall either disclose or describe any confidential information of the other party which he receives as part of the discovery herein with any employees of or consultants to his organization, *further provided* that (b) if SEZ Holding AG et al. obtains discovery from Applied Materials, Inc. with subject matter broader than technology for removal from a wafer of peripheral copper plating, then the prosecution bar for Mr. Kontrus shall be broadened to include such subject matter, *further provided* that (c) if Applied Materials, Inc. obtains discovery from SEZ AG et al. with subject matter broader than technology for removal from a wafer of peripheral copper plating, then the prosecution bar for Mr. Alden shall be broadened to include such subject matter.

    4.  Deposition testimony reasonably deemed "CONFIDENTIAL" may be identified as such on the record of the deposition in the course of the deposition, and in that event the reporter shall be instructed to mark the transcript of the deposition accordingly and separately bind the confidential portions.  To the extent not designated during the deposition, a party has 21 calendar days following receipt of the deposition transcript to designate portions of the transcript as "CONFIDENTIAL" and provide such designations to opposing counsel.  The portions designated will be marked by each party so as to ensure no breach of this Protective Order.  Any disputes involving such designations must be resolved pursuant to Paragraph 8 of this Protective Order.  The entire deposition transcript will be deemed "CONFIDENTIAL" during the 21-day period that a party is entitled to designate portions of the deposition transcript as "CONFIDENTIAL."

5. This Protective Order shall not preclude use by the receiving parties for other purposes of information which has been designated as "CONFIDENTIAL" which information is received or obtained separately from another source.

6. The provisions of this Protective Order may be made available to a third party from whom information is sought provided that party's understanding in writing to be bound by the terms of this Order.

7. Any document containing information designated "CONFIDENTIAL" by any party, if filed with the Court, shall be enclosed for filing in a sealed envelope prominently marked with the caption of the case and the notation:

**"CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY AS DIRECTED BY THE COURT"**

8. "CONFIDENTIAL" information may be offered into evidence at the trial of this action in accordance with the rules of evidence and subject to such order as this Court may enter.

9. Any party objecting to the designation of information as "CONFIDENTIAL" may seek an order of the Court on the objection and shall abide by the designation pending issuance of such an order.

10. By accepting production of "CONFIDENTIAL" information, each party to this Order agrees that the Court in this case has personal jurisdiction to enforce the terms of this Order and waives any objection to the Court's personal jurisdiction to enforce the terms of the Order.

11. Upon termination of this and any other pending litigation between the parties, following settlement or final judgment (including exhaustion of all appeals), the originals and all copies of "CONFIDENTIAL" materials and/or information shall be either destroyed (rendered illegible by shredding or otherwise) or turned over to the party or non-party who produced such

material, or to their respective counsel, within sixty (60) days.  However, retained outside trial counsel may retain pleadings, attorney and consultant work product, and depositions (with exhibits) for archival purposes.  If "CONFIDENTIAL" material and/or information is destroyed pursuant to this Paragraph, counsel shall provide to opposing counsel, upon request, a certification that such destruction was performed.

12. Any documents filed under seal with the Court pursuant to this Protective Order shall be withdrawn by counsel within 90 days of final disposition of the case before the Court if no appeal and within thirty (30) days following final disposition of an appeal.  Any documents, filed under seal that are not so withdrawn within the appropriate time period may be disposed of by the clerk of the Court within thirty (30) days.

13. The terms of this Protective Order shall survive termination of this litigation.

SO ORDERED this _____ day of May 2006.

                                                                              _____
                                                                              Sue L. Robinson
                                                                              United States District Court Judge

Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SEZ Holding AG, | ) | |
| SEZ AG, | ) | |
| Kurt Langen, and | ) | |
| Philipp Engesser, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-552 (SLR) |
| v. | ) | |
| | ) | |
| Applied Materials, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

UNDERTAKING OF _____

1. My address is _____

2. My present employer is _____
and the address of my present employment is _____

3. My present job or occupation is _____

4. I have carefully read and understand the "Protective Order" in this action.

5. I will hold in confidence, will not disclose "Confidential Information" to anyone not qualified under the "Protective Order," and will use such information only for purposes of this action. I will return all such information that comes into my possession (including all copies of information made) to counsel for the party by whom I am retained.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of the "Protective Order."

Signed: _____
Date:     _____

[Proposed] PROTECTIVE ORDER