IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLIED MATERIALS, INC.,<br><br>    Defendant. | C.A. No. 05-552 SLR |

**APPLIED MATERIALS, INC.'S *FIRST AMENDED*
NOTICE OF DEPOSITION OF
<u>SEZ HOLDING AG AND SEZ AG PURSUANT TO F.R.C.P. 30(b)(6)</u>**

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Applied Materials, Inc. ("Applied") will take the deposition of Plaintiffs SEZ Holding AG and SEZ AG (collectively, "SEZ") concerning topics 1-21 listed below. SEZ has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf on the matters on which examination is requested, including matters collectively concerning SEZ to the extent such information is known or reasonably available to SEZ. Thus, SEZ is requested to set forth, for each person designated, the matters on which the person will testify.

The deposition will take place at Klagenfurt, Austria, beginning at 9:00 a.m. local time on July 17, 2006, or at such other time and place as mutually agreed to by the parties. If the deposition is not completed on the date set out above, the taking of the deposition will continue day to day thereafter pursuant to the parties' agreement. The

deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded stenographically and may also be recorded by video. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

## DEFINITIONS

For the purposes of this notice, the following definitions shall apply:

A.  "Defendant" or "Applied" means Applied Materials, Inc., individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with, and others acting on behalf of, Applied Materials, Inc.

B.  "SEZ," "you," or "your" means SEZ Holding AG, SEZ Holding Ltd., and/or SEZ AG, individually and collectively, including without limitation all of their corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with, and others acting on behalf of, SEZ Holding AG, SEZ Holding Ltd., and/or SEZ AG.

C.  "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded

matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

      D.     "Entity" or "entities" means any group, association, organization, firm, corporation, joint venture, trust, or partnership, regardless of whether it is legally recognized.

      E.     "Person" means any natural person or individual as well as any entity and its agents and employees.

      F.     "The '701 patent" means U.S. Patent No. 6,708,701.

      G.     "The '996 patent" means U.S. Patent No. 6,796,996.

      H.     "Patents-in-Suit" means the '701 patent and the '996 patent.

      I.     The phrase "genealogically related" means a patent or patent application that is related to the referenced patent or patent application in any way, including any parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or application.

  J. "JDA" means the Joint Development Agreement between Applied and Plaintiff SEZ Holding AG, entered into on November 15, 2000, including any exhibits, attachments, appendices, and/or addenda.

  K. "Contact" or "communication" means the transmittal of information whether oral or in writing (e.g., in the form of facts, ideas, inquiries or otherwise).

  L. "Relate to," "refer to," or "concerning" means constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

  M. "Date" means the exact day, month and year, if ascertainable, or if not, your best approximation thereof.

## TOPICS FOR EXAMINATION

Please designate one or more officers, directors, managing agents, employees, or other persons most knowledgeable on the following subjects:

  1. The identity, existence or non-existence of the SEZ alleged trade secrets that were purportedly misappropriated by Applied, including an identification of what information in the '701 and '996 patents that SEZ considered to be a trade secret as of October 15, 2001.

  2. The actual or potential independent economic value, if any, of SEZ's alleged trade secret that is the subject of Topic 1, and that is derived from the alleged trade secret not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

3.  The identity, existence or non-existence of any SEZ alleged confidential information that was purportedly disclosed by Applied in violation of the JDA, including an identification of what information in the '701 and '996 patents that SEZ considered to be confidential as of October 15, 2001.

4.  The actual or potential independent economic value, if any, of SEZ's alleged confidential information that is the subject of Topic 3, derived from the alleged confidential information not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

5.  The conception, design, development, manufacture or use – if any – by SEZ of any invention or device utilizing a "rigid annular capillary ring" as claimed in the '701 patent. *See, e.g.*, '701 Patent, at 8:60-66; '996 Patent, at 9:32-38.

6.  The conception, design, development, manufacture or use – if any – by SEZ of any invention or device for use in edge bead removal that utilizes a "capillary ring" and "support pin(s)" as claimed in the '701 patent and '996 patents. *See, e.g.,* '701 Patent, at Figures 5 & 7, and 7:61-8:28; and '996 Patent, at Figures 5 & 7, and 8:33-9:20.

7.  Apart from the information encompassed within Topic 8, SEZ's contact(s) and/or communication(s) with Applied prior to October 16, 2001, including SEZ's alleged disclosure to Applied of: (i) the subject matter of any invention claimed in either of the patents-in-suit; (ii) SEZ's allegedly misappropriated trade secrets; and/or (iii) SEZ's alleged confidential information that was purportedly disclosed by Applied in violation of the JDA.

8.  SEZ's contact(s) and/or communication(s) with Ramin Emami prior to October 16, 2001, including SEZ's alleged disclosure to Ramin Emami of: (i) the subject

matter of any invention claimed in either of the patents-in-suit; (ii) SEZ's allegedly misappropriated trade secrets; and/or (iii) SEZ's alleged confidential information that was purportedly disclosed by Applied in violation of the JDA.

9. Identification and explanation of all documents that evidence the information and/or activities encompassed within Topics 1, 3, and 5-8.

10. SEZ's knowledge of Applied's alleged misappropriation of SEZ's alleged trade secret, including the subject and source of the knowledge and the circumstances under which SEZ first became aware of Applied's alleged misappropriation of SEZ's alleged trade secret.

11. SEZ's knowledge of either of the patents-in-suit or the patent applications that issued as the patents-in-suit, including the subject and source of the knowledge and the circumstances under which SEZ first became aware of the patents-in-suit or the patent applications that issued as the patents-in-suit.

12. To the extent it differs from the subject matter set forth within European Patent Application No. 99108319 (Publication No. EP01052682A1): the structure, function, and operation of each SEZ system or tool, or its components or parts, that you contend to have been shipped, demonstrated, and/or otherwise disclosed to Applied prior to October 16, 2001, including but not limited to the "copper undercut with rinse process module," "capillary chuck," "BCD," "CBF-Module," "Alpha Process Module," "XRD-Module," "Controller," "spare parts," and "Process Pot" identified in SEZ's response to Defendant's Interrogatory No. 2.

13. To the extent it differs from the subject matter set forth within European Patent Application No. 99108319 (Publication No. EP01052682A1): the marketing,

advertising, promotion, demonstration, distribution and/or sale, prior to October 16, 2001, of each SEZ system or tool, or its components or parts, that you contend to have been shipped, demonstrated, and/or otherwise disclosed to Applied prior to October 16, 2001, including but not limited to the "copper undercut with rinse process module," "capillary chuck," "BCD," "CBF-Module," "Alpha Process Module," "XRD-Module," "Controller," "spare parts," and "Process Pot" identified in SEZ's response to Defendant's Interrogatory No. 2, including DOT's participation in any trade shows, conferences, symposiums, or seminars.

14. Identification and explanation of patent applications concerning any SEZ system or tool, or its components or parts, that you contend have been shipped, demonstrated, and/or otherwise disclosed to Applied prior to October 16, 2001.

15. The conception and reduction to practice of all alleged inventions disclosed in European Patent Application Nos. 99108319 (Publication No. EP01052682A1) and 00123714.8 (Publication No. EP01202326A1).

16. SEZ's alleged conception and reduction to practice of any subject matter set forth in each claim of the patents-in-suit, to the extent not encompassed within Topics 5, 6, and 15.

17. The JDA, including the circumstances surrounding the entry of the JDA and work conducted by SEZ pursuant to the JDA.

18. SEZ's knowledge of Applied's alleged breach of the JDA, including the subject and source of the knowledge and the circumstances under which SEZ first became aware of Applied's alleged breach of the JDA.

19. SEZ's alleged belief that Applied is utilizing the inventions and technology which SEZ allegedly developed pursuant to the JDA, including the basis for the belief and sources of information that supports such belief.

20. SEZ's alleged belief that Applied is modifying ideas, concepts and inventions allegedly developed by SEZ and allegedly disclosed to Applied in confidence and under restrictions, including the basis for the belief and sources of information that supports the belief.

21. SEZ's alleged belief that Applied "can seek to divert to itself sales of capillary ring bead removal products marketed by SEZ," as this term is used in SEZ's response to Defendant's Interrogatory No. 13, by telling prospective customers that it has access to or patents pertaining to the inventions, concepts, and ideas which are allegedly the rightful property of SEZ, including the basis for the belief and sources of information that supports the belief.

22. The identity, location, custody, and control of all documents concerning the topics listed in paragraphs 1-21 above.

23. SEZ's search for and production or non-production of documents responsive to Applied Materials, Inc.'s First Set of Document Requests to Defendants SEZ Holding AG, SEZ AG, Kurt Langen, and Phillip Engesser (Nos. 1-49), served on January 13, 2006.

24. Discussion and explanation regarding any physical device (and/or photograph thereof) that, per SEZ, provides evidence regarding what was purportedly disclosed to Applied, including: (i) an explanation of the features, functions and components of every such device; and (ii) with respect to SEZ production documents 99-

102, an explanation of the features, functions and components of the devices in the photographs, as well as an explanation of SEZ's statement that the photographs concern devices that "correspond to the Alpha Process Module shipped to Applied on January 30 2001."

Dated: July 10, 2006	FISH & RICHARDSON P.C.


By: _____
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Attorneys for Defendant
APPLIED MATERIALS, INC.

80034819.doc

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2006, I electronically filed the attached, **APPLIED MATERIALS, INC.'S FIRST AMENDED NOTICE OF DEPOSITION OF SEZ HOLDING AG AND SEZ AG PURSUANT TO F.R.C.P. 30(b)(6),** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel. A copy of this document was also served via hand delivery:

| | |
|---|---|
| John W. Shaw | *Attorneys for Plaintiffs* |
| Josy W. Ingersoll | *SEZ AG, Kurt Langen and Philipp* |
| Young Conaway Stargatt & Taylor, LLP | *Engesser* |
| The Brandywine Building, 17th Floor | |
| 1000 West Street | |
| P.O. Box 391 | |
| Wilmington, DE 19899-0391 | |

I hereby certify that on this 10th day of July 2006, I have served via e-mail the foregoing document to Douglas Rigler and have also mailed it by Federal Express to the following:

| | |
|---|---|
| Douglas V. Rigler | *Attorneys for Plaintiffs* |
| Andrew J. Patch | *SEZ AG, Kurt Langen and Phillipp* |
| Michael Piziali | *Engesser* |
| Young & Thompson | |
| 745 South 23rd Street | |
| Arlington, VA 22202 | |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

80034819.doc