IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APPLIED MATERIALS, INC.,<br><br>　　　　Defendant. | C.A. No. 05-552 SLR |

**APPLIED MATERIALS, INC.'S *SECOND*
NOTICE OF DEPOSITION OF
SEZ HOLDING AG AND SEZ AG PURSUANT TO F.R.C.P. 30(b)(6)**

TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Applied Materials, Inc. ("Applied") will take the deposition of Plaintiffs SEZ Holding AG and SEZ AG (collectively, "SEZ") concerning topics listed below, in addition to those set forth in Applied's First Amended Notice of Deposition of SEZ. SEZ has a duty to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf on the matters on which examination is requested, including matters collectively concerning SEZ to the extent such information is known or reasonably available to SEZ. Thus, SEZ is requested to set forth, for each person designated, the matters on which the person will testify.

The deposition will take place at Klagenfurt, Austria, beginning at 8:00 a.m. local time on October 23, 2006, or at such other time and place as mutually agreed to by the parties. If the deposition is not completed on the date set out above, the taking of the deposition will continue day to day thereafter pursuant to the parties' agreement. The

deposition will be taken before a notary public or other officer authorized by law to administer oaths and will be recorded stenographically and may also be recorded by video. Some or all of the deposition testimony may involve real-time computer connection between the deposition-taker and stenographer using software such as "LiveNote."

## DEFINITIONS

For the purposes of this notice, the following definitions shall apply:

A. "Defendant" or "Applied" means Applied Materials, Inc., individually and collectively, including without limitation all of its corporate locations, and all predecessors, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with, and others acting on behalf of, Applied Materials, Inc.

B. "SEZ," "you," or "your" means SEZ Holding AG, SEZ Holding Ltd., and/or SEZ AG, individually and collectively, including without limitation all of their corporate locations, and all predecessors, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with, and others acting on behalf of, SEZ Holding AG, SEZ Holding Ltd., and/or SEZ AG.

C. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rule of Civil Procedure 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded

matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence, as well as any electronic documents including electronic mail.  Any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

       D.    "Entity" or "entities" means any group, association, organization, firm, corporation, joint venture, trust, or partnership, regardless of whether it is legally recognized.

       E.    "Person" means any natural person or individual as well as any entity and its agents and employees.

       F.    "The '701 patent" means U.S. Patent No. 6,708,701.

       G.    "The '996 patent" means U.S. Patent No. 6,796,996.

       H.    "Patents-in-Suit" means the '701 patent and the '996 patent.

       I.    The phrase "genealogically related" means a patent or patent application that is related to the referenced patent or patent application in any way, including any parent, continuation, continuation-in-part, divisional, reexamination, reissue, or foreign counterpart patent or application.

J.     "JDA" means the Joint Development Agreement between Applied and Plaintiff SEZ Holding AG, entered into on November 15, 2000, including any exhibits, attachments, appendices, and/or addenda.

K.     "Contact" or "communication" means the transmittal of information whether oral or in writing (e.g., in the form of facts, ideas, inquiries or otherwise).

L.     "Relate to," "refer to," or "concerning" means constituting, pertaining to, mentioning, commenting on, connected with, discussing, describing, identifying, analyzing, explaining, showing, reflecting, dealing with, comprising, consisting of, containing, resulting from, or regarding a particular subject in whole or in part, either directly or indirectly.

M.     "Date" means the exact day, month and year, if ascertainable, or if not, your best approximation thereof.

## TOPICS FOR EXAMINATION

Please designate one or more officers, directors, managing agents, employees, or other persons most knowledgeable on the following subjects:

**Topic No. 25:**  All facts and circumstances relating to SEZ's alternate contention that Emami along with Langen, Kruwinus, and/or Engesser are joint inventors of any invention set forth in any claim of any of the patents-in-suit.

Dated: October 19, 2006　　　　　　　FISH & RICHARDSON P.C.


　　　　　　　　　　　　　　　　　　By: /s/ *Thomas L. Halkowski*
　　　　　　　　　　　　　　　　　　　　Thomas L. Halkowski (#4099)
　　　　　　　　　　　　　　　　　　　　919 N. Market Street, Suite 1100
　　　　　　　　　　　　　　　　　　　　Wilmington, DE  19899-1114
　　　　　　　　　　　　　　　　　　　　Tel:  (302) 652-5070
　　　　　　　　　　　　　　　　　　　　Fax:  (302) 652-0607

　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　APPLIED MATERIALS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2006, I electronically filed the attached **APPLIED MATERIALS, INC.'S SECOND NOTICE OF DEPOSITION OF SEZ HOLDING AG AND SEZ AG PURSUANT TO F.R.C.P. 30(b)(6),** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel.  A copy of this document was also served via hand delivery:

| | |
|---|---|
| John W. Shaw<br>Josy W. Ingersoll<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Philipp*<br>*Engesser* |

I hereby certify that on this 19th day of October 2006, I have served via e-mail the foregoing document to the following:

| | |
|---|---|
| Douglas V. Rigler<br>Young & Thompson<br>Andrew J. Patch<br>Michael Piziali<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

80038316.doc