IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-552-SLR |
| | ) | |
| APPLIED MATERIALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO PRECLUDE EXPERT TESTIMONY OF DEAN P. NEIKIRK PH.D

Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, and Philipp Engesser (collectively "SEZ") move this Court for an Order precluding the apparently intended use of expert testimony by defendant Applied Material, Inc.'s ("Applied") because the untimely and unauthorized introduction of such testimony would be contrary to the Scheduling Order entered by this Court and contrary to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. Counsel certifies pursuant to Local Rule 7.1.1 that the parties have discussed their respective positions and remain in disagreement. For its motion, SEZ states as follows:

### BACKGROUND

1.    The Scheduling Order in this action provides that "Expert reports on issues on which the parties have the burden of proof are due September 15, 2006. Rebuttal expert reports are due October 13, 2006." The Order further provides that expert discovery shall be completed by November 17, 2006.

2.    This action is factual in nature. Plaintiffs charge that Applied Materials breached the non-disclosure and ownership provisions of a Joint Development Agreement by secretly filing patent

1

applications covering inventions disclosed to Applied Materials by SEZ during the joint development project. Resolution of these issues will depend upon factual evidence as to what was disclosed, to whom, and when.

3.     SEZ considered the issues, the fact that this is a bench trial, and the evidence to be presented and concluded that expert testimony would be a distraction and a waste of time. Any opinion of an expert would not assist the Court in making factual conclusions based upon the evidence admitted at trial. Accordingly, SEZ did not file an expert report on September 15, 2006. Applied likewise filed no expert report on September 15.

4.     In late September Applied Materials requested permission pursuant to the protective order to disclose SEZ's confidential material to an expert. SEZ informed Applied that it had no objection with the disclosure to a consulting expert but that Applied Materials was not entitled to present expert testimony in rebuttal of a non-existing expert report.

5.     In giving its consent to disclose, SEZ specified that the consent was limited to use in a consultant capacity and specifically asked Applied Materials its intended use of the disclosure. Applied asserted that it did not know the intended use of the disclosure (email of Sept. 22, 2006 from Tom Halkowski, "We have engaged Professor Neikirk as a consulting expert and are considering at this juncture whether he will be engaged as a testifying expert in this matter). Thereafter, Applied supplied SEZ with a lengthy document called an expert rebuttal report. When asked how the document could constitute a rebuttal report Applied responded that it was in general rebuttal to SEZ's case.

6.     SEZ requests a ruling from the Court that Applied may not present expert testimony from Dr. Neikirk.

2

## ARGUMENT

7.      Dr. Neikirk's should not be permitted to testify. First, the language of the Scheduling Order supports this conclusion. Permission to file "rebuttal" reports as set forth in Article 2(c )(1) of the Order plainly applies to the rebuttal of any expert report filed on September 15. The context of the Scheduling Order does not suggest that a party may file a generalized expert report which is said to be responsive to Plaintiffs' "case."

9.      Second, Applied's proposed meaning of a "rebuttal" report is at odds with the language of Rule 26(a)(2)(C ) of the Federal Rules. The expert reports required by the Scheduling Order necessarily are those identified in Rule 26.

10.      In Rule 26(a)(2)(B) the Rule defines the purpose and the contents of the report. Paragraph (C) provides that the disclosures [the expert report] will be made "at the times and in the sequence directed by the Court." Paragraph (C) goes on to provide for the subsequent production of disclosures and a report "<u>intended solely to contradict or rebut evidence on the same subject **matter identified by another party under §2(B)**</u> within 30 days after the disclosure made by the other party." Applied's so-called rebuttal report does not rebut "evidence on the same subject matter identified by another party identified under §2(B)" because SEZ made no disclosure pursuant to §2(B). The rebuttal could not possibly be made "after the disclosure [i.e. the expert report] made by the other party," because there was none.

11.      Applied's submission is untimely. The report and any testimony to be offered based on the report should be peremptorily stricken on that basis. If Applied wished to submit expert evidence in the absence of an expert report submitted by SEZ, such submission should have been made in conformity with the Scheduling Order by the date specified therein- September 15, 2006. Without SEZ having submitted an expert report Applied had nothing to rebut and is not entitled to

the extra month for submission of expert reports. It is disingenuous and incorrect for Applied to contend that its 200+ page document constitutes rebuttal as that term is used in Rule 26.

13.     Third, the subject matter of the so-called rebuttal report extensively includes and is intertwined with opinions related to U.S. Patent 6,708,701, which was introduced into this litigation by Applied, not by SEZ. SEZ's complaint sought a correction of inventorship of U.S. Patent 6,786,996. It was after an extension of time in which to answer that Applied introduced the '701 Patent into the litigation by requesting a declaratory judgment of correct inventorship. Accordingly, it is Applied that bears the initial and the primary burden of proof as to that claim and its expert report, if any, was due by September 15, not October 17. This further demonstrates that the attempt to introduce an expert through the guise of a rebuttal expert report is unwarranted and should be rejected.

14.     SEZ believes that the rebuttal report should be defined in accordance with Rule 26 and, therefore, that Applied is not entitled to present untimely expert testimony under a pretense that it is "rebuttal." In the event, however, that the Court should permit introduction of any expert testimony, SEZ should be permitted an opportunity to present its own expert, and the scheduling order should be adjusted accordingly.

15.     Although SEZ applies for this alternative relief to prevent blatant unfairness and circumvention of the Scheduling Order and the Federal Rules, this protective request should not be interpreted as a fallback proposal that would be satisfactory to SEZ. There is no need for any expert,

and Applied's attempt to interfere with the Court's determination on factual issues in a bench trial

should not be permitted.

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801
302-571-6600

Of Counsel:

Douglas V. Rigler, Esq. (DC Bar #61838)
drigler@young-thompson.com
Andrew J. Patch (VA Bar #29683)
ajpatch@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street, Suite 200
Arlington, Virginia 22202
(703) 521-2297

Attorneys for Plaintiffs SEZ Holding AG,
SEZ AG, Kurt Langen, and Philipp Engesser

Dated:  November 3, 2006

DB02:5591847.1                                                           064476.1001

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on November 3, 2006, I caused to be electronically

filed a true and correct copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and downloading

to the following counsel of record:

> Thomas Lee Halkowski, Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19801

I further certify that on November 3, 2006, I caused a copy of the foregoing document to

be served by hand delivery on the above-listed counsel of record.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> John W. Shaw (No. 3362)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> jshaw@ycst.com
>
> Attorneys for SEZ Holding AG, SEZ AG,
> Kurt Langen, and Philipp Engesser