IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLIED MATERIALS, INC.,<br><br>　　　　　Defendant. | C.A. No. 05-552 SLR |

### APPLIED MATERIALS, INC.'S *OPPOSITION* TO PLAINTIFFS' MOTION TO PRECLUDE EXPERT TESTIMONY OF DEAN P. NEIKIRK PH.D

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

Katherine Kelly Lutton
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA  94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

DATED:  November 17, 2006

**TABLE OF CONTENTS**

|     |     |     |
| --- | --- | --- |
|     |     | **Page** |
| I.  | NATURE AND STAGE OF PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 2 |
| III.| ARGUMENT | 3 |
|     | A. The Rebuttal Expert Report of Professor Neikirk Was Timely Served | 3 |
|     | B. SEZ's Motion to Preclude Violates the Court's Scheduling Order Prohibiting Motions *in Limine* | 6 |
|     | C. SEZ's Alternative Relief Would Unfairly Prejudice Applied | 7 |
| IV. | CONCLUSION | 7 |


## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Daubert v. Merrell Dow Pharmaceuticals*,
     509 U.S. 579 (1993) ................................................................................................. 2, 6

*Fina Oil & Chemical Co. v. Ewen*, 123 F.3d 1466 (Fed. Cir. 1997) .................................... 6

*Hess v. Advanced Cardiovascular System, Inc.*, 106 F.3d 976 (Fed. Cir. 1997) ................. 6

*John Morrell & Co. v. United Food and Commercial Workers Int'l Union*,
     825 F. Supp. 1440 (D.S.D. 1993) ............................................................................... 6

*Vivid Technologies, Inc. v. American Science & Engineering, Inc.*,
     200 F.3d 795 (Fed. Cir. 1999) (3d ed.1997) .............................................................. 5

### FEDERAL STATUTES

Fed. R. Civ. P. 16(b) ............................................................................................................ 7

Fed. R. Civ. P. 26(a)(2)(C) ............................................................................................ 3, 5

Fed. R. Evid. 702 ............................................................................................................ 5, 6

Defendant Applied Materials, Inc. ("Applied") hereby opposes Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, and Philipp Engesser's (collectively, "SEZ") Motion to Preclude Expert Testimony of Dean P. Neikirk Ph.D. SEZ's motion should be denied because the sole basis for its motion, is a mistaken view that Professor Dean Neikirk's Rebuttal Expert Report was untimely. Moreover, SEZ's filing of the motion without leave of Court violates the Court's Scheduling Order which precludes the filing of written motions *in limine*.

## I.     NATURE AND STAGE OF PROCEEDINGS

Applied is the assignee of duly issued United States Patent Nos. 6,708,701 ("the '701 patent") and 6,786,996 ("the '996 patent"), which relate to the substrate etching and cleaning process in semiconductor device fabrication. The inventions described in the '701 and '996 patents are closely related and focus upon certain improvements over conventional capillary-type edge bead removal systems for cleaning the backside and edge and bevel areas of a substrate. Mr. Ramin Emami, a former Applied employee, is the sole inventor of both patents.

On August 1, 2005, SEZ brought this action against Applied, seeking correction of inventorship for the '701 patent and alleging a state law conversion claim. SEZ alleged that its employees Kurt Langen and Philipp Engesser are the actual inventors of the '701 patent – not Mr. Emami. (D.I. 1.) On December 2, 2005, Applied filed an Answer and Counterclaim, denying SEZ's claims and seeking, *inter alia*, a declaratory judgment regarding inventorship and ownership of a the '996 patent. (D.I. 9.)

On December 22, 2005, SEZ filed a Reply, and asserted counter-counterclaims concerning both the '701 and '996 patents. Similar to its allegations regarding the '701 patent, SEZ claimed, *inter alia*, that Messrs. Langen and Engesser were the actual inventors, and that Mr. Emami should be removed from the '996 patent. (D.I. 12.) SEZ also added related breach of contract and trade secret misappropriation claims. *Id.*

On February 8, 2006, this Court issued a Scheduling Order (D.I. 20) which provides:

¶ 2(c)   "Expert discovery shall be . . . completed by November 17, 2006[.]"

¶ 2(c)(1)   "Expert reports on issues for which the parties have the burden of proof are due September 15, 2006.  Rebuttal expert reports are due October 13, 2006[.]"

¶ 8   "No motion in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day)."

SEZ chose not to submit any expert reports in this matter.  Pursuant to the Scheduling Order and Federal Rule of Civil Procedure 26(a)(2), Applied served an expert report from Dean P. Neikirk Ph.D on October 13, 2006, which rebuts the claims asserted by SEZ in this suit.  On November 3, 2006, SEZ filed its instant motion, seeking to preclude Applied from presenting expert testimony from Professor Neikirk.  For the reasons discussed below, Applied respectfully requests that the Court deny SEZ's motion.

## II.   SUMMARY OF ARGUMENT

1.   SEZ's motion to preclude is based on the mistaken premise that Professor Neikirk's Rebuttal Expert Report was untimely.  Yet, Professor Neikirk's Rebuttal Expert Report was served in compliance with the Court's Scheduling Order as well as Federal Rule of Civil Procedure 26(a)(6).

2.   Titled as a "Motion to Preclude," SEZ's motion is in reality a motion *in limine* to preclude expert testimony of Professor Neikirk.  The Court's Scheduling Order expressly prohibits the filing of any motion *in limine* in this case.  While the Court's Scheduling Order permits the filing of *Daubert* motions (*see id.* at ¶ 2(c)(3)), SEZ's present motion is not a *Daubert* motion because it is not challenging either the relevancy or reliability of Professor Neikirk's testimony, or Professor Neikirk's qualifications or

2

expertise. Therefore, SEZ's filing of the instant motion violates the Court's Scheduling Order.

3. As to SEZ's alternative relief, no good cause exists for modifying the Court's Scheduling Order by opening the door to an entirely new round of expert reports and a new period for expert depositions. SEZ has cited no reason, much less good cause, to excuse its failure to timely submit an expert report. To the contrary, SEZ admits that it simply decided not to submit an expert report, because no such report was necessary in SEZ's view.

Thus, Applied respectfully requests that SEZ's motion be denied in its entirety.

## III. ARGUMENT

### A. The Rebuttal Expert Report of Professor Neikirk Was Timely Served

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that disclosures of expert testimony "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). In this case, the Court's February 8, 2006 Scheduling Order directs the times and the sequence of the parties' expert disclosure: "Expert reports on issues for which the parties have the burden of proof are due September 15, 2006. Rebuttal expert reports are due October 13, 2006[.]"  (D.I. 20, at ¶ 2(c)(1).)

The following issues are involved in this case: (1) whether SEZ can prove by clear and convincing evidence that Mr. Emami was improperly named as the sole inventor of the patents-in-suit, and that SEZ's employees should have been named as inventors of the patents-in-suit; (2) whether SEZ can prove by a preponderance of the evidence that Applied misappropriated SEZ's alleged trade secrets in filing the patent applications that issued as the patents-in-suit; (3) whether SEZ can prove by a preponderance of the evidence that Applied converted any alleged rights of SEZ's in filing the patent applications that issued as the patents-in-suit; and (4) whether SEZ can prove by a preponderance of the evidence that Applied breached the Joint Development Agreement it had with SEZ in filing the patent applications that issued as the patents-in-

3

suit. SEZ clearly bears the burden of proof regarding every claim being litigated in this suit. As such, SEZ's expert reports were due September 15, 2006. Indeed, SEZ acknowledges as much in its brief, when it admits that SEZ decided that an expert report was unnecessary and voluntarily chose not to serve an expert report on September 15, 2006. (*See* D.I. 41, SEZ's Brief, at ¶ 3.)

Applied submitted the report of Professor Neikirk on October 13, 2006 – the deadline for submission of rebuttal expert reports. In asserting that Professor Neikirk's expert report is untimely, SEZ urges this Court to adopt a novel reading of the Scheduling Order. According to SEZ, "rebuttal expert reports" are limited to expert reports rebutting *only* those opinions expressed by SEZ's expert. Because SEZ did not serve any expert report in this case, SEZ asserts that: (i) Applied is not entitled to serve a "rebuttal expert report;" and, therefore, (ii) Applied should have served its expert report by September 15, 2006, when "[e]xpert reports on issues for which the parties have the burden of proof are due[.]" SEZ's reasoning defies logic. Its novel interpretation of the Court's Scheduling Order is unsupported by any case law or precedent of this Court, is inconsistent with the Federal Rules of Evidence, and is fundamentally unfair.

Simply put, SEZ apparently believes that it had the power to prevent Applied from offering expert testimony, because SEZ made a decision that such testimony was not necessary. SEZ is mistaken. "Rebuttal expert reports" in the context of the Court's Scheduling Order can only mean expert reports that offer rebuttal to claims upon which SEZ bears the burden of proof. To limit "rebuttal expert reports" to rebutting only opinions expressed in expert reports submitted by SEZ, as SEZ proposes, would give SEZ the unprecedented power to prevent Applied from offering expert testimony by choosing not to submit an expert report itself. This is plainly inconsistent with the Federal Rules of Evidence, which permits expert witness testimony offered by *any* party "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

4

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

SEZ's reliance on Federal Rule of Civil Procedure 26(a)(2)(C) is also misplaced. Rule 26(a)(2)(C) provides in its entirety:

> These disclosures shall be made at the times and in the sequence directed by the court. ***In the absence of other directions from the court or stipulation by the parties***, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). Rule 26(a)(2)(C) makes clear that the time and sequence of expert disclosure directed by the Court trumps the various other time periods set forth by the Rule.[1] Nowhere in Rule 26 does the Rule *preclude* service of an expert report from a party defending against claims, when a party with the burden of proof chooses not to serve an expert report.

SEZ also argues that because Applied filed a declaratory judgment counterclaim with respect to the correct inventorship of one of the patents-in-suit,[2] "it is Applied that bears the initial and the primary burden of proof as to that claim and its expert report, if any, was due by September 15[.]" (D.I. 41, SEZ's Brief, at ¶ 13.) Again, SEZ provides no support for this remarkable position. To the contrary, courts have consistently held that the filing of a declaratory judgment action does not shift the burden of proof. *See, e.g.*, *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) (noting that in patent cases "courts have generally recognized that

---

[1] If there were no Scheduling Order in this case to govern the time and sequence of expert disclosure, under Rule 26(a)(2)(C), Applied would have been entitled to submit its expert report "90 days before the trial date." Fed. R. Civ. P. 26(a)(2)(C).

[2] Also, contrary to SEZ's assertion, the declaratory judgment counterclaims filed by Applied relate to the '996 patent, not the '701 patent. (*See* D.I. 9.)

5

any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be assigned in a coercive infringement suit") (quoting James Wm. Moore et al., MOORE'S FEDERAL PRACTICE §57.62[2][d] (3d ed.1997)).[3]  For example, the law is clear that because there is a presumption that the inventor named on an issued patent is correct, it is SEZ who has the burden of proving misjoinder of inventors by clear and convincing evidence.  *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1472 (Fed. Cir. 1997) (citing *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 979-80 (Fed. Cir. 1997)).  Therefore, the Rebuttal Expert Report submitted by Professor Neikirk on October 13, 2006 is timely, and is in full compliance with the Court's Scheduling Order and the Federal Rules of Civil Procedure.

> **B.     SEZ's Motion to Preclude Violates the Court's Scheduling Order Prohibiting Motions *in Limine***

The Court's Scheduling Order expressly prohibits the filing of any motion *in limine* in this case.  (D.I. 20, at ¶ 8.)  While the Scheduling Order makes an exception for the filing of *Daubert* motions (*see id.* at ¶ 2(c)(3)), SEZ's instant motion is not a *Daubert* motion because it is not challenging either the relevancy or reliability of Professor Neikirk's testimony.  SEZ is not alleging that Professor Neikirk lacks the qualifications or expertise to render expert testimony in this case.  Nor is SEZ alleging that Professor Neikirk's opinions are not based upon sufficient facts or data, or that the opinions are not the product of reliable principles and methods, or that Professor Neikirk has failed to apply the principles and methods reliably to the facts of the case.  *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); *see also* Fed. R. Evid. 702.  The only basis for SEZ's motion is the alleged untimeliness of Professor Neikirk's expert report.

---

[3]  *See also John Morrell & Co. v. United Food and Commercial Workers Int'l Union*, 825 F. Supp. 1440, 1450 (D.S.D. 1993) (noting that fact that employer avails itself of declaratory judgment does not shift burden from employees to prove that pension benefits are vested and not tied to particular collective bargaining agreement which creates them).

6

Therefore, SEZ's instant motion is plainly a motion *in limine* in violation of the Court's Scheduling Order, and may be dismissed on that basis alone.

### C. SEZ's Alternative Relief Would Unfairly Prejudice Applied

As alternative relief, SEZ requests that the Court adjust the Scheduling Order to permit SEZ to "present its own expert[.]" (D.I. 41, SEZ's Brief, at ¶ 14.) However, SEZ provides no excuse, let alone good cause, for the modification of the Court's Scheduling Order. *See* Fed. R. Civ. P. 16(b) ("A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."). As SEZ admits, it ***chose*** not to submit an expert report in this case because it decided that it was unnecessary. (*Id.* at ¶ 3.) SEZ's belated change of heart is no excuse for a modification of the Scheduling Order at this stage in the proceedings.[4]

## IV. CONCLUSION

For the foregoing reasons, Applied respectfully request that the Court deny SEZ's Motion to Preclude Expert Testimony of Dean P. Neikirk Ph.D.

---

[4] Applied notes that due to an immovable conflict concerning Applied's counsel, and given the parties' recent efforts to resolve this matter with the assistance of Magistrate Judge Thygne have now reached an impasse, Applied will seek a continuance of the scheduled trial date by approximately one month – subject of course to the Court's calendar. Applied has approached SEZ regarding this issue and has been advised that SEZ is likely to oppose the request, but that SEZ's counsel, after consulting with his client, would advise of SEZ's formal position. Any such slight adjustment to the trial date for this matter, however, would not provide a reasonable amount of time for re-doing expert discovery in this matter (i.e., service of a report from Applied, a rebuttal to that report by SEZ and then depositions of the respective experts).

Dated: November 17, 2006          FISH & RICHARDSON P.C.


                    By: */s/ Thomas L. Halkowski*
                         Thomas L. Halkowski (#4099)
                         919 N. Market Street, Suite 1100
                         P.O. Box 1114
                         Wilmington, DE  19899-1114
                         Tel:  (302) 652-5070
                         Fax:  (302) 652-0607

                         Frank E. Scherkenbach
                         225 Franklin Street
                         Boston, MA  02110-2804
                         Tel:  (617) 542-5070
                         Fax:  (617) 542-8906

                         Katherine Kelly Lutton
                         Limin Zheng
                         500 Arguello Street, Suite 500
                         Redwood City, CA  94063
                         Tel:  (650) 839-5070
                         Fax:  (650) 839-5071

                     Attorneys for Defendant
                     APPLIED MATERIALS, INC.

80039200.doc

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, I electronically filed the attached **APPLIED MATERIALS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE EXPERT TESTIMONY OF DEAN P. NEIKIRK PH.D** with the Clerk of Court using CM/ECF which will send notification of such filing(s) and also served by hand delivery to the following:

| | |
|---|---|
| John W. Shaw<br>Josy W. Ingersoll<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Philipp*<br>*Engesser* |

I hereby certify that on November 17, 2006, I have e-mailed and served via Federal Express, the document to the following non-registered participants.

| | |
|---|---|
| Douglas V. Rigler<br>Andrew J. Patch<br>Young & Thompson<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski