IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>        Plaintiffs and Counter-Defendants,<br><br>    v.<br><br>APPLIED MATERIALS, INC.,<br><br>        Defendant and Counterclaimant. | C.A. No. 05-552 SLR<br><br>PUBLIC VERSION |

---

**APPLIED MATERIALS, INC.'S *OPPOSITION*
TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED
COMPLAINT AND FIRST AMENDED REPLY AND [COUNTER-]
COUNTERCLAIMS**

---

FISH & RICHARDSON P.C.
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070
Fax: (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Katherine Kelly Lutton
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

DATED: November 17, 2006
PUBLIC VERSION DATED: November 29, 2006

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     NATURE AND STAGE OF PROCEEDINGS ......................................................1

II.    SUMMARY OF ARGUMENT ..........................................................................2

III.   ARGUMENT ..............................................................................................4

       A.    No Good Cause Exists For SEZ's Delay .................................................4

       B.    SEZ's Proposed Amendment Is Futile...................................................5

       C.    Applied Would Be Unfairly Prejudiced If SEZ's Motion
             for Leave to Amend Were Granted........................................................11

IV.    CONCLUSION...........................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Bethany Pharamacal Co. v. QVC, Inc.*,
    241 F.3d 854 (7th Cir. 2001) ...................................................................5

*Cureton v. Nat'l Collegiate Athletic Assoc.*,
    252 F.3d 267 (3d Cir. 2001)...........................................................2, 4, 5

*E. Minerals & Chemicals Co. v. Mahan*,
    225 F.3d 330 (3d Cir. 2000).....................................................................4

*Eli Lilly & Co. v. Aradigm*,
    376 F.3d 1352 (Fed. Cir. 2004).................................................................6

*Fina Oil and Chemical Co. v. Ewen*,
    123 F.3d 1466 (Fed. Cir. 1997).................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962)................................................................2, 4 5

*Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*,
    322 F.3d 1335 (Fed. Cir. 2003).................................................................6

*Lam v. American Exp. Co.*,
    265 F. Supp. 2d 225 (S.D.N.Y. 2003).....................................................10

*Lorenz v. CSX Corp.*,
    1 F.3d 1406 (3d Cir. 1993)...................................................................4, 5

*Parker v. Columbia Pictures Industrial*,
    204 F.3d 326 (2d Cir. 2000).....................................................................4

*Phoenix Technologies, Inc. v. TRW, Inc.*,
    154 F.R.D. 122 (E.D. Pa. 1994).................................................................5

*Satellite Finance Planning Corp. v. First Nat'l Bank*,
    646 F. Supp. 118 (D. Del. 1986)................................................................5

*Slip Track System, Inc. v. Metal-Lite, Inc.*,
    304 F.3d 1256 (Fed. Cir. 2002).................................................................4

*Trovan, Ltd. v. Sokymat SA*,
    299 F.3d 1292 (Fed. Cir. 2002).................................................................6

*Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*,
    308 F.3d 1167 (Fed. Cir. 2002).................................................................6

<u>**TABLE OF AUTHORITIES (cont'd)**</u>

<u>**Page(s)**</u>

<u>**STATE CASES**</u>

*Kenford Co. v County of Erie*, 67 N.Y.2d 257 (N.Y. 1986) ........................................10, 12

*Lexington 360 Associates v First Union Nat'l Bank of North Carolina*,
     234 A.D.2d 187 (N.Y. App. Div. 1996) ...............................................................10

Applied Materials, Inc. ("Applied") hereby opposes Plaintiffs' (SEZ Holding AG, SEZ AG, Kurt Langen, and Philipp Engesser's (collectively, "SEZ's")) Motion for Leave to File a First Amended Complaint and First Amended Reply and [Counter-] Counterclaims.   SEZ's motion should be denied because it is untimely, offers a futile amendment, and is prejudicial to Applied.

## I.    NATURE AND STAGE OF PROCEEDINGS

Applied is the assignee of duly issued United States Patent Nos. 6,708,701 ("the '701 patent") and 6,786,996 ("the '996 patent"), which relate to the substrate etching and cleaning process in semiconductor device fabrication.  The inventions described in the '701 and '996 patents are closely related and focus upon certain improvements over conventional capillary-type edge bead removal systems for cleaning the backside and edge and bevel areas of a substrate.  Mr. Ramin Emami, a former Applied employee, is the sole inventor of both patents.

On August 1, 2005, SEZ brought this action against Applied, seeking correction of inventorship for the '701 patent and alleging a state law conversion claim.  SEZ alleged that its employees Kurt Langen and Philipp Engesser are the actual inventors of the '701 patent – not Mr. Emami.  [D.I. 1.]  On December 2, 2005, Applied filed an Answer and Counterclaim, denying SEZ's claims and seeking, *inter alia*, a declaratory judgment regarding inventorship and ownership of the '996 patent.  [D.I. 9.]

On December 22, 2005, SEZ filed a Reply, and asserted counter-counterclaims concerning both the '701 and '996 patents.  Similar to its allegations regarding the '701 patent, SEZ claimed, *inter alia*, that Messrs. Langen and Engesser were the actual inventors, and that Mr. Emami should be removed from the '996 patent.  [D.I. 12.]  SEZ also added breach of contract and trade secret misappropriation claims.  *Id.*

On February 8, 2006, this Court issued a Scheduling Order that states, "[a]ll motions to join other parties and amend the pleadings shall be filed on or before ***January 31, 2006***."  [D.I. 20, at 4 (emphasis added).]  The Scheduling Order also required that all

fact discovery be completed by September 15, 2006, opening and rebuttal expert reports be served on September 15, 2006, and October 13, 2006, respectively, and expert discovery be completed by November 17, 2006. [*Id.* at 1-2.] A bench trial is set to commence on January 29, 2007. [*Id.* at 5.]

Pursuant to the Scheduling Order, Applied served its rebuttal expert report on October 13, 2006. Due to scheduling conflicts and certain efforts to explore the potential for settlement, the parties agreed to postpone the depositions of SEZ's employees in Austria until October 23, 2006. The depositions in Austria were then promptly completed by October 25, 2006.

On October 23, 2006 – almost 9 months after the deadline for amending the pleadings, after Applied had already served its expert report, and as Applied's counsel was in the midst of deposing SEZ's employees in Austria – SEZ filed its present motion for leave to amend pleadings. SEZ's amended pleadings primarily seeks to: (1) add Hans-Jurgen Kruwinus, another SEZ employee, as a co-plaintiff and allege that Mr. Kruwinus is a co-inventor of the '701 patent; (2) assert in the alternative that Messrs. Langen, Engesser, and Kruwinus are each co-inventors along with Mr. Emami; (3) add a new basis for SEZ's breach of contract claim, § 2.4, that had not been previously identified by SEZ at any time during the pendency of this suit; and (4) add another request for damages.

## II.     SUMMARY OF ARGUMENT

A motion for leave to amend made under Fed. R. Civ. P. 15(a) and 20(a), as SEZ's motion is styled, is properly denied when the proposed amendment is unduly delayed, futile, or prejudicial to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272-73 (3d Cir. 2001). Moreover, because SEZ's motion for leave to amend is untimely under the Court's February 8, 2006 Scheduling Order, it should be reviewed under the heightened "good cause" standard of Rule 16(b). Fed. R. Civ. P. 16(b).

2

SEZ's motion is almost ***9 months too late***.  In its three-page motion, SEZ offers no excuse, let alone "good cause," for this extraordinary delay.  Instead, SEZ merely argues, without support, that the belated amendment will not prejudice Applied.  SEZ is mistaken.

Before filing this suit, SEZ had literally years to determine which of its own employees should be named as an inventor for the patents-in-suit and which contract provisions it believed were violated by Applied's filing of patent applications that led to the '701 and '996 patents.  Yet, SEZ waited until fourteen months after filing suit, and almost 9 months after the deadline for amending the pleadings, before seeking to amend its Complaint and Counter-Counterclaims with new allegations regarding inventorship and breach of contract.  At the time SEZ filed its amended pleadings, Applied had served all of its written discovery regarding SEZ's inventorship and contract claims, had reviewed related documents, had served its expert report, and was in the midst of completing fact depositions in Austria.  SEZ's belated change of heart, if allowed, would prejudice Applied by significantly changing the issues to be litigated after the close of fact discovery and after service of Applied's expert report.

SEZ's proposed amendment would also be futile, because it is premised upon a set of three flawed allegations:

> (i) that Mr. Kruwinus should be named as an inventor of the '701 patent;
>
> (ii) that SEZ personnel are alternatively entitled to joint inventorship; and
>
> (iii) that SEZ could be entitled to additional damages as well as that SEZ has another basis for its breach of contract claim.

Fact discovery is now closed and there is nothing which comes close to the clear and convincing evidence that SEZ would need to establish either of the first two bases that underlie SEZ's amendments to the pleadings.  SEZ has not identified any document to corroborate the allegation that Mr. Kruwinus participated with other SEZ personnel to jointly conceive of the claimed inventions.  Similarly, no basis exists for any joint

3

inventorship allegations, because SEZ's own witnesses have testified that they conceived of the claimed inventions amongst themselves – before Mr. Emami had ever visited SEZ's facilities in Austria.  Therefore, even if the testimony of SEZ's personnel is given full credit, it simply does not support a claim for joint inventorship.

As for damages, SEZ – *after* filing its motion to amend the pleadings – has stipulated that it has no damages.  Because damages are a required element of any breach of contract claim, the lack of damages moots SEZ's effort to identify an additional provision of the contract between SEZ and Applied that was allegedly breached.  Thus, because it would be futile to allow SEZ to amend its Complaint and Counter-Counterclaims to add allegations concerning Mr. Kruwinus, joint inventorship, damages, or another allegedly breached contract provision, Applied respectfully requests that the Court deny SEZ's motion for leave to amend in its entirety.

## III.  ARGUMENT

### A.  No Good Cause Exists For SEZ's Delay

A court may deny a motion to amend based on undue delay when the movant is unable to satisfactorily explain the reasons for its delay.  *See generally Foman*, 371 U.S. at 182; *Cureton*, 252 F.3d at 273; *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993).  Moreover, where a party seeks leave to amend after the deadline set by the scheduling order, the motion is governed by the heightened "good cause" standard of Rule 16(b).  *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1269-70 (Fed. Cir. 2002) (affirming district court's reliance on Rule 16(b) in denying motion to amend); *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (same); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (collecting cases).

Here, SEZ filed its motion to amend almost 9 months after the deadline for amending the pleadings set forth in the Court's Scheduling Order.  SEZ provides no reason for this delay.  Nor could there be any appropriate excuse for the delay.  SEZ's proposed amendment concerns information within SEZ's exclusive possession and

control.  For example, SEZ plainly should have known whether Mr. Kruwinus, one of

SEZ's own employees, was an inventor of the '701 patent.  Similarly, there is nothing

about the new contract provision identified by SEZ that would excuse SEZ's delay in

identifying it as a basis for its contract claims.  All the information concerning SEZ's

proposed amendments was readily available to SEZ long before this action was even filed

by SEZ.  *See Cureton*, 252 F.3d at 273 (noting that "[d]elay may become undue when a

movant has had previous opportunities to amend a complaint"); *Lorenz*, 1 F.3d at 1414

(denying plaintiff's motion for leave to amend and finding that plaintiff's delay

unreasonable, noting that "[m]ost of the facts" included in the amended pleading were

"available to plaintiff . . . before she filed her original complaint").  Therefore, because

no reason – much less good cause – has even been alleged by SEZ for waiting so long

before changing tactics, SEZ's motion to amend should be denied on this basis alone.

### B.    SEZ's Proposed Amendment Is Futile

The futility of SEZ's belated amendments to its pleadings also amply supports a

denial of SEZ's motion.  *See Foman*, 371 U.S. at 182.  An amendment is futile if it would

not withstand a motion to dismiss or, after the close of the fact discovery, a motion for

summary judgment.  *See Satellite Fin. Planning Corp. v. First Nat'l Bank*, 646 F. Supp.

118, 120 (D. Del. 1986); *Phoenix Technologies, Inc. v. TRW, Inc.*, 154 F.R.D. 122, 123

(E.D. Pa. 1994); *see also Bethany Pharamacal Company v. QVC, Inc.*, 241 F.3d 854, 860

(7th Cir. 2001) ("An amendment is futile if the added claim would not survive a motion

for summary judgment.").  SEZ seeks to add assertions relating to inventorship claims,

contract claims, and damages.

With regard to inventorship issues, SEZ seeks to add claims that: (i) Mr.

Kruwinus is a co-inventor of the '701 patent along with other SEZ personnel; and, in the

alternative (ii) that Messrs. Langen, Engesser, and Kruwinus, together with Mr. Emami,

are joint inventors of one or both of the patents-in-suit.  However, "to be a joint inventor,

an individual must make a contribution to the conception of the claimed invention that is

not insignificant in quality, when that contribution is measured against the dimension of the full invention." *Fina Oil and Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997). Moreover, joint inventorship can only arise when the inventions are the product of some type of collaboration or concerted effort. *Eli Lilly & Co. v. Aradigm*, 376 F.3d 1352, 1359 (Fed. Cir. 2004).

Because there is a presumption that the inventorship of an issued patent is correct, an alleged error concerning inventorship must be proven by clear and convincing evidence. *Fina Oil*, 123 F.3d., at 1472 (citing *Hess*, 106 F.3d at 979-80). To meet this burden, alleged co-inventors must prove their contribution to the conception with more than their own testimony. *Trovan, Ltd. v. Sokymat SA*, 299 F.3d 1292, 1302 (Fed. Cir. 2002). Testimony of interested parties, such as employee witnesses, also must be corroborated by documentary evidence. *See Lacks Industries, Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1350 (Fed. Cir. 2003); *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167, 1189 (Fed. Cir. 2002).

In this case fact discovery has closed. The only evidence concerning Mr. Kruwinus being a co-inventor is the testimony of the alleged inventors themselves and other employees of SEZ. No corroborating document has been identified by SEZ to show that Mr. Kruwinus made an inventive contribution to the joint conception of the inventions claimed in the patents-in-suit.

Moreover, even giving full credit to all of the deposition testimony provided by SEZ's own witnesses, no clear and convincing evidence exists that SEZ personnel jointly conceived of the claimed inventions with Mr. Emami. To the contrary, everyone of SEZ's purported inventors, Messrs. Engesser, Kruwinus, and Langen, testified that the inventions in the patents-in-suit were conceived without Mr. Emami's involvement. Indeed, Mr. Engesser made it clear that the inventions were "finished" before Mr. Emami ever arrived at the SEZ facilities:





[redacted]

[Halkowski Decl., Ex. 1 at 46:14-48:9.][1]  Mr. Kruwinus confirmed that he does not recall

working with Mr. Emami to conceive of the claimed inventions:



[Halkowski Decl., Ex. 2 at 19:24-20:7.][2]  Finally, Mr. Langen unconditionally refuted

any suggestion that he had jointly developed with Mr. Emami any of the inventions

claimed in the '701 and '996 patents:

---

[1]  All "Halkowski Decl." exhibit citations herein refer to the accompanying Declaration of Thomas L. Halkowski In Support Of Applied Materials, Inc.'s Opposition To Plaintiffs' Motion For Leave To File A First Amended Complaint And First Amended Reply And [Counter-] Counterclaims unless otherwise noted.

[2]  ████████████████████████████████████████████████████████████
████████████████  [*See, e.g.,* Halkowski Decl., Ex. 2, Kruwinus Dep. at 10:8-18:24.]
This was the extent of his alleged inventive contribution.  *Id.*



[Halkowski Decl. Ex. 3 at 25.]  No factual basis, therefore, exists for SEZ's effort to now

claim joint inventorship of the patents-in-suit – not even the testimony of SEZ's own

purported inventors.  Also, as noted above, no document exists to corroborate any

inventive contribution by Mr. Kruwinus.  Thus, given the lack of evidence, it would be

futile to allow SEZ's belated pursuit of claims that SEZ personnel should be joint

inventors along with Mr. Emami, much less allow pursuit of a claim that Mr. Kruwinus

should be named an inventor along with other SEZ personnel to the exclusion of Mr.

Emami.[3]

---

[3]  Moreover, SEZ's allegations that Mr. Emami should be removed as an inventor
     similarly lack critical evidence.  For example there is no clear and convincing evidence
     that SEZ's engineers **communicated** to Mr. Emami the claimed inventions which
     include: (i) a rigid capillary ring (i.e., that does not deform during or immediately after
     being mounted on the tool); and (ii) support pins located proximate to, or within, the
     capillary ring.  At best,███████████████████████████████████████
     ████████████████████████████████████████████████████████████
     ████████████████████████████████████  [Halkowski Decl., Ex. 4,  Sax Dep.
     at 14:10-15:3; 26:17-21; *see also id*. at Ex. 1 Engesser Dep. at 37:11-14; 43:8-12.]
     Indeed, SEZ has formally admitted that its witnesses are unable to provide critical
     testimony concerning the "rigid ring" concept: ████████████████████████████

SEZ's new basis for its contract claim and its additional damages demand are also without merit. Simply put, no damages exist. On October 25, 2006 – two days after SEZ's motion to amend was filed – SEZ signed a stipulation that confirmed that "SEZ has **no damages**, and will not seek an award of monetary damages at trial in this suit regarding any of its asserted claims or counterclaims." [D.I. 39 (originally dated October 25, 2006) (emphasis added).] Because a contract claim requires the existence of damages as an element of the claim,[4] it would be futile to pursue allegations that additional contract terms were breached. By SEZ's own admission, therefore, it would be futile to allow amendment of the pleadings to state allegations of damages and breach of additional terms of the contract between SEZ and Applied.

Thus, SEZ's effort to add assertions concerning a purported inventive contribution by Mr. Kruwinus, an alternative claim for joint inventorship, another contract provision that was allegedly breached, and a further demand for damages should

---

[*See* Halkowski Decl., Ex. 5, SEZ September 15, 2006 Responses to Interrogatory No. 14; *see also id.* at Ex. 5, Nos. 15-16, 18.] SEZ has also admitted that

[*Id.* at Ex. 6, SEZ October 18, 2006 Supplemental Responses to Interrogatory Nos. 1, 2, and 14.] Absent clear and specific evidence of communication of the claimed inventions from SEZ to Mr. Emami, the law is clear that SEZ's inventorship claim must fail.

[4]  *Lam v. American Exp. Co.,* 265 F. Supp. 2d 225, 236 (S.D.N.Y. 2003) (noting that plaintiff must allege "damages" "to state a claim for breach of contract under New York law"); *Lexington 360 Associates v First Union Nat. Bank of North Carolina*, 234 AD2d 187, 189-190 (N.Y. App. Div. 1996) ("In the absence of any allegations of fact showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint.") (*quoting Gordon v De Laurentiis Corp.,* 141 AD2d 435, 436 (N.Y. App. Div. 1988); *Reade v Sullivan*, 259 AD 229, 230 (N.Y. App. Div. 1940)); *see also Lexington*, 234 AD2d at 190 ("Where a party has failed to come forward with evidence sufficient to demonstrate damages flowing from the breach alleged and relies, instead, on wholly speculative theories of damages, dismissal of the breach of contract claim is in order.") (*citing Kenford Co. v County of Erie*, 67 NY2d 257, 261 (N.Y. 1986)).

be denied, because the record is clear that none of these claims have any merit at all –

particularly in light of the testimony of SEZ's own witnesses and the stipulation of "no

damages" to which SEZ has agreed.

> **C.    Applied Would Be Unfairly Prejudiced If SEZ's Motion for Leave to Amend Were Granted**

Any evidence supporting a joint inventorship claim was in SEZ's possession and

control years ago – long ***before*** SEZ even filed its Complaint on August 1, 2005.  Yet,

until its present motion, SEZ had not presented facts, or even allegations, of joint

inventorship in any pleading, discovery response, or expert report during the over 14

months that this matter has been litigated.[5]  When SEZ finally moved to amend the

Complaint, the deadline for fact discovery had passed.  Applied had already served its

expert report and was in the midst of completing depositions in Austria that had been

delayed by mutual agreement of the parties.  SEZ's effort to now change the fundamental

---

[5]    Contrary to SEZ's assertion that Applied "has been on notice for ***several months*** that SEZ considers Mr. Kruwinus to have made inventive contributions" to the '701 patent [*see* D.I. 38, SEZ's Brief, at 2 (emphasis added)], Applied was only notified that SEZ was going to pursue this contention on September 15, 2006, when SEZ served its responses to Applied's second set of interrogatories.  And even then, SEZ did not make any allegation that it would seek a finding that SEZ personnel and Mr. Emami should be ***joint*** inventors.

SEZ's counsel has informed Applied, however, that the proposed amendments to SEZ's pleadings should have come as no surprise in light of discussions in July concerning the parties' efforts toward exploring a potential resolution of this matter.  Because such discussions are confidential, it is inappropriate for either party to rely upon, or otherwise inject, such communication for purposes of litigating the merits of this matter.  Applied only notes the issue here because it appears that SEZ will now argue that these discussions somehow provided reasonable notice to Applied that SEZ's would amend its pleadings.

Clearly, however, any discussion by SEZ concerning joint inventorship as a possible compromise approach to resolving this matter, would not have provided any reasonable notice to Applied that SEZ would later change its fundamental position regarding the merits of the inventorship issue in this litigation – particularly since SEZ continued to insist for month-after-month that Mr. Emami must be removed as an inventor of the patents-in-suit and where, indeed, SEZ maintained this position right up until the end of fact discovery and even after service of Applied's expert report.

basis upon which it chose to bring this suit plainly prejudices Applied's ability to litigate this matter.

From the outset, Applied has focused upon defending against SEZ's claim that its personnel were the rightful inventors (and not Mr. Emami), because SEZ's personnel had allegedly conceived of the claimed inventions first and then later communicated the inventions to Mr. Emami. These issues were the focus of Applied's discovery and the report from Professor Neikirk, an expert engaged by Applied. Nowhere does Professor Neikirk's report address any alleged contributions of Mr. Kruwinus and the only reference in the report to "joint inventorship" is a brief reference to the basic principle that an explanation of the existing state of the art does not allow another to claim joint inventorship. [*See* Halkowski Decl., Ex. 7.]

Similarly, Applied has had no opportunity to litigate SEZ's entirely new allegations concerning an alleged breach of newly-identified section 2.4 of the contract between SEZ and Applied. Indeed, despite Applied's interrogatory to SEZ (served on January 13, 2006) requesting specific identification of the provisions of the JDA that had been breached, SEZ never identified provision 2.4 as having been breached by Applied until its present motion. [Halkowski Decl., Ex. 8 at 9-10 (Interrogatory No. 5); Ex. 9 at 19 (SEZ Response to Interrogatory No. 5).]

SEZ announced its switch in positions on the eve of Applied counsel's departure to Austria to depose SEZ's personnel – allowing minimal time for preparation regarding SEZ's new allegations. The prejudice to Applied was then multiplied when during deposition testimony SEZ's witnesses revealed, for the first time, key facts underlying SEZ's inventorship allegations – facts which SEZ had failed to disclose in response to Applied's contention interrogatories.[6] Allowing SEZ's change of tactics after the close

---

[6]  For example, SEZ witnesses revealed for the first time that before Mr. Emami had ever visited the SEZ facilities, in the Fall of 2000, the following discussions had allegedly already occurred: ███████████████████████████

of discovery and after the submission of Applied's expert report would, therefore, deprive Applied of the ability to fully and fairly litigate the claims being asserted by SEZ. Among other things, Applied would be denied the ability to properly conduct discovery concerning: (i) Mr. Kruwinus' alleged inventive contribution; (ii) purported collaboration between Mr. Emami and SEZ personnel concerning the particular inventive concepts claimed in the patents-in-suit; and (iii) alleged breach of contract provisions never previously even mentioned by SEZ in this litigation. Thus, Applied would suffer prejudice if SEZ is allowed to change tactics after the close of fact discovery and after service of Applied's expert report.[7]

## IV.    CONCLUSION

For the foregoing reasons, Applied respectfully request that the Court deny SEZ's motion for leave to amend in its entirety.[8]

---

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ [*See, e.g.*, Halkowski Decl., Ex. 4 at 12:12-18; 17:23-18:7.] Both of these discussions purportedly provide fundamental support for SEZ's claim to have invented the claimed inventions prior to Mr. Emami's arrival at SEZ's facilities. Yet, SEZ completely failed to disclose either of these discussions in its responses to Applied's contention interrogatory requests concerning the bases for SEZ's inventorship claims. *See id*. at Ex. 9, at Nos. 1. 2, and 4.

[7]  Applied notes that due to an immovable conflict concerning Applied's counsel, and given the parties' recent efforts to resolve this matter with the assistance of Magistrate Judge Thygne have now reached an impasse, Applied will seek a continuance of the scheduled trial date by approximately one month – subject of course to the Court's calendar. Applied has approached SEZ regarding this issue and has been advised that SEZ is likely to oppose the request, but that SEZ's counsel, after consulting with his client, would advise of SEZ's formal position. Any such slight adjustment to the trial date for this matter, however, would not redress the significant prejudice of having to re-litigate this matter to address SEZ's new approaches to this dispute.

[8]  If the Court is inclined to allow SEZ to amend its pleadings – despite the lack of good cause for SEZ's delay, the futility of the amendments, and the prejudice to Applied's ability to litigate this matter – Applied respectfully requests that SEZ be required to collect all of their claims and put them into one amended complaint to which Applied can properly address. Doing so would ease the logistics of otherwise having to submit separate responses to SEZ's amended Complaint and SEZ's amended "Reply and Counter-Counterclaims."

Dated:  November 17, 2006        FISH & RICHARDSON P.C.
Public Version:  November 29, 2006

By:    /s/ Thomas L. Halkowski
_____
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Frank E. Scherkenbach
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906

Katherine Kelly Lutton
Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA  94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

80039199.doc

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 29, 2006, I electronically filed the attached **PUBLIC VERSION - APPLIED MATERIALS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND FIRST AMENDED REPLY AND COUNTERCLAIMS** with the Clerk of Court using CM/ECF which will send notification of such filing(s) and also served by hand delivery on the following:

Josy W. Ingersoll                       *Attorneys for Plaintiffs*
John W. Shaw                            *SEZ AG, Kurt Langen and Philipp*
Andrew A. Lundgren                      *Engesser*
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391


I also certify that on November 29, 2006, I have mailed the document via first class mail to the following:

Douglas V. Rigler                       *Attorneys for Plaintiffs*
Andrew J. Patch                         *SEZ AG, Kurt Langen and Phillipp*
Young & Thompson                        *Engesser*
745 South 23rd Street
Arlington, VA 22202


/s/ Thomas L. Halkowski
Thomas L. Halkowski