IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>Plaintiffs,<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant. | C.A. No. 05-00552-SLR |

**SEZ HOLDING AG, ET AL.'S *REPLY* TO APPLIED MATERIALS, INC.'S OPPOSITION TO MOTION FOR LEAVE TO AMEND PLEADINGS**

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

Attorneys for Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, and Philipp Engesser

Dated: November 30, 2006

Plaintiffs SEZ HOLDING AG, SEZ AG, KURT LANGEN, and PHILIPP ENGESSER (collectively "SEZ") hereby reply to Defendant APPLIED MATERIALS, INC.'s ("Applied") Opposition to SEZ's Motion for Leave to File a First Amended Complaint and a First Amended Reply and Counterclaims. The opposition is without merit and the motion should be granted.

## SUMMARY OF ARGUMENT

SEZ's proposed amendments should be granted under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)) because the Federal Rule contemplate liberal amendment and because the amendments are not unduly delayed, are necessary to decide the action on its merits, are not prejudicial to Applied, and are inherently subsumed under pervious amendments and/or have become necessary to conform the pleadings to facts adduced during discovery. SEZ's proposed amendments are not futile as a matter of law or fact and should not be denied on that basis.

## ARGUMENT

### A.    SEZ Did Not Unduly Delay Its Amendment

Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Federal Rules contemplate the liberal amendment of pleadings in order that every case may be decided on the real facts and merits wherever possible. See Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1186 n.5, (3rd Cir. 1994); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938-39 (3rd Cir. 1984). In Cureton v. Nat'l Collegiate Athletic Ass'n. the Third Circuit addressed the issue of delay in seeking leave to amend, stating that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner." Cureton, 252 F.3d 267, 273 (3rd Cir. 2001). SEZ

requests it be allowed to amend its claims as proposed to conform to facts adduced during discovery and to more clearly decide the case on its merits under the law.

The complaint in this action alleges that SEZ employees are the true and correct inventors of the claims set forth in U.S. Patent Nos. 6,708,701 ("the '701 patent") and 6,786,996 ("the '996 patent"). *SEZ maintains this position.* Nonetheless, it is apparent and indisputable as a matter of law that if the evidence indicates that SEZ employees made or contributed to the inventions claimed in these patents, they cannot be less than joint inventors even if they are unable to prove that they are the sole inventors.

In October of 2006, prior to the depositions of SEZ's witnesses, including each of the inventors, SEZ formally sought Applied's consent to amend the pleadings to assert joint inventorship in the alternative to sole inventorship and to add Hans-Jurgen Kruwinus as a plaintiff and inventor/co-inventor, whose addition was necessary to conform the pleadings to facts adduced during discovery. However, the subject of joint inventorship was first raised in July 2006 during unsuccessful settlement discussions. The proposed amendment also included deletion of the assertion that Applied continued to make or use SEZ's proprietary intellectual property, which Applied represented during discovery not to be the case, and the addition of the assertion that Applied breached the Joint Development Agreement by failing to notify SEZ of the filing of the patents-in-suit, which complements the originally included assertion that the agreement was breached by the mere filing of the patents-in-suit.

Applied took SEZ's request under advisement.

Applied agreed not to oppose the amendments subject to four conditions, one of which SEZ found unacceptable: consent for Applied to supplement an unauthorized expert report,

which is the subject of a presently pending Motion to Preclude. The other conditions for Applied's consent were that SEZ consolidate its amended pleadings into one pleading, that SEZ respond to a 26th interrogatory covering SEZ's basis for its amended claims, and that Applied be able to explore the matter of joint inventorship during its 30(b)(6) depositions of SEZ.

SEZ considered Applied's expert report unauthorized and contrary to Federal Rule of Civil Procedure 26, and the Scheduling Oder entered under that Rule, and did not agree to any supplementation of the report. However, SEZ found the other conditions substantially non-objectionable. SEZ responded to Applied's 26th interrogatory. SEZ posed no objections to questions from Applied regarding joint inventorship during SEZ's 30(b)(6) depositions because such questions are obviously subsumed within the original count claiming that SEZ was the sole inventor with respect to the claims of the patents in suit. SEZ is willing to consolidate its amended pleadings, but did not do so in its filing because Local Rule 15.1 prohibits incorporation by reference in amended pleadings.

This Court has previously stated that "the clearest cases for leave to amend [include] . . . amplification of previously alleged claims or defenses." Inline Connection Corp. v. AOL Time Warner Inc., 237 F.R.D. 361, 364-5 (D.Del. 2006). Here, SEZ's proposed amendment for joint inventorship in the alternative is merely a subset of a previously pled claim, inventorship, rather than a new class of claim. The proposed amendment for joint inventorship is subsumed within already asserted claims, not an assertion of a new class of claim or one of a different nature.

It is correct that the Scheduling Order in this action contained a date of January 31, 2006 by which to file motions to amend pleadings. However, this date was set prior to any pretrial discovery.

As discussed below, Applied will suffer no prejudice, and SEZ has shown good cause to allow its proposed amendments. Applied was on notice of the subsumed claim since July 2006. Any delay in making the amendments was not undue under the applicable standard; Applied had the benefit of full discovery on the amended claims; SEZ's motion satisfies the "good cause" requirement of Federal Rule of Civil Procedure 16(b), and should be granted under the liberal amendment policies of Rule 15(a).

### B.    SEZ's Proposed Amendments Are Not Futile

Applied argues that SEZ's amendments should be denied because they are so futile as to be unable to withstand a motion to dismiss or a motion for summary judgment. This, of course, begs the question before the Court, and merely represents Applied's wishful thinking as to its desired result.[1]

Applied also argues that no factual basis exists for SEZ's proposed joint inventorship claims because of deposition testimony of SEZ's witnesses stating that the inventions in the patents-in-suit were conceived without the named inventor's involvement. Applied, asserts that this makes such claims futile. However, once again this merely begs the question and asks the Court to accept Applied's wishful version of the evidence. It is apparent and indisputable as a

---

[1]    Applied states that a party seeking correction of inventorship must provide clear and convincing evidence of inventorship, and that this standard must be met by more than simply the alleged inventor's own testimony, i.e. the alleged inventor's testimony must be corroborated. Here, there is ample corroboration.
    Moreover, the Federal Circuit holds that in the context of claims for correction of inventorship, the corroboration requirement is assessed under the "rule of reason" analysis, which requires that an "evaluation of *all* pertinent evidence must be made so that a sound determination of the credibility of the inventor's story may be reached." Linear Tech. Corp. v. Impala Linear Corp., 379 F.3d 1311, 1327 (Fed. Cir. 2004) (emphasis in original) (quoting Price v. Symsek, 988, F.2d 1187, 1195 (Fed. Cir. 1993)); Gemstar-TV Guide Int'l, Inc. v. Int'l. Trade Comm., 383 F.3d 1352, 1382 (Fed. Cir. 2004); Trovan, Ltd. v. Skymat SA, 299 F.3d 1292, 1302 (Fed. Cir. 2002).

matter of law that if the evidence indicates that SEZ employees made or contributed to the inventions claimed in these patents, they cannot be less than joint inventors even if they are unable to prove that they are the sole inventors. Therefore, testimony by SEZ witnesses as to sole inventorship likewise supports, and cannot possibly preclude, claims for joint inventorship.

Finally, Applied argues that SEZ's amended claim for breach of contract, to assert that the breach includes the failure to notify of the filing of the patents-in-suit in addition to the actual filing, is futile because SEZ stipulated that it has no present monetary damages and because claims for breach of contract require an assertion of damages. Applied's argument that because SEZ has not **yet** suffered damage as a result of Applied's misappropriation, publication, and conversion of SEZ's inventions, SEZ has no claim for relief is fallacious. SEZ's stipulation was based specifically upon representations and sworn deposition testimony from Applied that it is not using or aiding others to use the patented technology. The patent terms have 15 years left and SEZ requires injunctive relief to restore its property so that it can license it to others and so its customers will never face infringement claims brought by Applied. The mere raising of this argument illustrates the lack of any merit to Applied's opposition.

### C.     Applied Will Suffer No Prejudice As A Result of SEZ's Amendments

Without revealing the content of the Federal Rule of Civil Procedure 408 settlement discussions commenced in July 2006, Applied has been on notice since then that SEZ considers Mr. Kruwinus to have made inventive contributions to the '701 patent and that Messrs. Langen, Engesser, and Kruwinus are each considered to be at least co-inventors of one or both patents-in-suit in the alternative to being sole inventors.

Despite Applied's contention that the prejudice they will suffer includes discovery prejudice, Applied has not identified any discovery it allegedly needs in relation to SEZ's

amended claims. It is difficult to conceive how Applied can claim prejudice <u>since it obtained the discovery it sought with respect to the amended claims</u> and since it did not have to duplicate any prior discovery in order to obtain this information. Moreover, the proofs will be essentially the same.

## CONCLUSION

Amendment is proper under Rule 15(a) and SEZ's motion should be granted.

Of Counsel:

Douglas V. Rigler, Esq. (DC Bar #61838)
drigler@young-thompson.com
Andrew J. Patch (VA Bar #29683)
ajpatch@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street, Suite 200
Arlington, Virginia 22202
(703) 521-2297

Dated: November 30, 2006

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

Attorneys for Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, and Philipp Engesser

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on November 30, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Thomas Lee Halkowski
>Fish & Richardson, P.C.
>919 N. Market Street, Suite 1100
>P.O. Box 1114
>Wilmington, DE 19801

I further certify that on November 30, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Andrew A. Lundgren
>_____
>Andrew A. Lundgren (No. 4429)
>alundgren@ycst.com
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Deleware 19801
>(302) 571-6600
>
>Attorneys for Plaintiffs SEZ Holding AG,
>SEZ AG, Kurt Langen, and Philipp Engesser