IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>Plaintiffs,<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant. | C.A. No. 05-00552-SLR |

**SEZ HOLDING AG, ET AL.'S *REPLY* TO APPLIED MATERIALS, INC.'S OPPOSITION TO MOTION TO PRECLUDE EXPERT TESTIMONY OF DEAN P. NEIKIRK PH.D**

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

Attorneys for Plaintiffs SEZ Holding AG,
SEZ AG, Kurt Langen, and Philipp Engesser

Dated: November 30, 2006

Plaintiffs SEZ HOLDING AG, SEZ AG, KURT LANGEN, and PHILIPP ENGESSER (collectively "SEZ") hereby reply to Defendant APPLIED MATERIALS, INC.'s ("Applied") Opposition to SEZ's Motion to Preclude Expert Testimony of Dean P. Neikirk Ph.D. SEZ's motion should be granted because Applied untimely attempted to appoint an expert under the guise that his testimony would be rebuttal testimony. The pretense that the testimony would qualify as "rebuttal" is contrary to the Federal Rules of Civil Procedure and this Court's Scheduling Order and would be unfair and prejudicial. Moreover, the action, which is factual in nature and to tried to the Court, would not benefit from expert opinion.

Applied signaled its intent to present an expert to offer unnecessary opinion testimony on factual issues, by submitting an expert report on the last day authorized for submitting rebuttal testimony. Neither party had submitted an expert report on the date for submitting a report, if any, for issues as to which a party has the burden of proof. Applied incontestably bears the burden of proof with respect to its counterclaim for a declaratory judgment of ownership and non-conversion of U.S. Patent No. 6,786,996, a patent which was not even included in SEZ's complaint. Thus, both sides bear the burden as to certain issues in this action. In actuality, Applied is seeking to present unopposed expert testimony by pretending that it constitutes rebuttal, not to any other expert opinion, but to an undefined and amorphous "case as a whole" of SEZ (including claims first introduced by Applied).

In the alternative, expert discovery should reopen for SEZ in order to prevent unfair prejudice. This alternative is not a compromise proposal because Applied is not entitled to present an expert. Expert opinion as to straightforward factual issues would add needless expense, waste time, and should not be substituted for the Court's determination of factual issues.

## SUMMARY OF ARGUMENT

Expert testimony from Applied cannot be introduced as rebuttal to "evidence on the same subject matter identified by another party," Fed. R. Civ. P. 26(a)(2)(C) ("Rule 26"), because no evidence has been identified. SEZ submitted no expert report to rebut. Applied submitted a purported expert report within the 30 day timeframe reserved for rebuttal. Applied should not be allowed an unfair tactical advantage by ignoring and contradicting the plain language of Rule 26.

A prompt decision on SEZ's motion is required to prevent irreparable and unfair prejudice.

## ARGUMENT

**A.  The Rebuttal Expert Report of Dr. Neikirk Was Not Timely Nor A Rebuttal Report; Testimony Allegedly Based Upon That Report Should Be Precluded Under Fed. R. Civ. P. 37(c)(1)**

Rule 26 provides that expert reports shall be submitted "at the times and sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). Rule 26 goes on to provide a generic timeframe and sequence for such submissions in the absence of directions from the court. Id. Here, the Court's Scheduling Order gave specific dates for submission of expert reports and rebuttal reports, but otherwise paralleled Rule 26 regarding the general sequence of submission of opening and rebuttal reports and the time differential between these submissions (30 days). See id. and (D.I. 20).

The Scheduling Order did not create the requirements for submission of opening and rebuttal reports from a blank slate. The Order adopted the general requirements, structure, and rights afforded in Rule 26(a)(2), modifying only the generic timing of the Rule by providing specific dates on which the 30 day time period between opening and rebuttal reports is to begin

and end. As Applied notes (Applied's Opp'n Brief at 5), the Scheduling Order trumps the Rule where the Order changes dates within the Rule. However, the Rule should control where the Scheduling Order is silent and does not clearly modify the Rule. It is only reasonable to read the Scheduling Order in light of the Rule from which it derives and clearly depends.

Rule 26 is clear as to what a rebuttal report is and is not: Subparagraph (a)(2)(C) states that "evidence intended solely to contradict or <u>rebut</u> **evidence** on the **same** subject matter **identified by another party** [in a previously submitted expert report]" is permitted to be submitted 30 days after **the opening expert report**. Fed. R. Civ. P. 26(a)(2)(C) (emphasis added).

Applied wants the term "rebuttal reports" as used in the Scheduling Order to include reports rebutting a party's case in whole rather than restricted to reports specifically rebutting expert reports submitted by another party. (Applied's Opp'n Brief at 4). This reading would controvert and alter the meaning of a "rebuttal report" as used in the Scheduling Order from what Rule 26 identifies as such reports. Any expert testimony by Applied cannot possibly be intended "solely" to "contradict or rebut <u>evidence</u> on the same subject matter <u>identified</u>" by SEZ.

Furthermore, the 30 day period in which to file a rebuttal report in Rule 26 unequivocally refers to rebuttal of the **opening expert report**. <u>See</u> Fed. R. Civ. P. 26(a)(2)(C). So much for Applied's contention that it is entitled to rebut an unlimited and unspecified "case as a whole."[1]

Considering the above, SEZ requests that Applied be precluded from using Dr. Neikirk's testimony at trial or in support of any motion. Rule 37(c)(1) of the Federal Rules of Civil Procedure ("Rule 37") expressly provides for this. It reads in part:

---

[1] Indeed, Applied admits that it wants an expert to rebut SEZ's case as a whole rather than evidence previously identified by SEZ. (Applied Opp'n Brief at 5).

4

> A party that *without substantial justification* fails to disclose information required by *Rule 26(a)* . . . *is not*, unless such failure is harmless, *permitted to use* as evidence at a trial, at a hearing, or on a motion *any witness* or information not so disclosed.

Fed. R. Civ. P. 37(c)(1) (emphasis added).

Applied offers no "justification," let alone "substantial" justification, for failing to comply with Rule 26(a) and the Scheduling Order. Instead, Applied attempts to justify its violation with the flawed logic that its submission must be a rebuttal report because otherwise SEZ would be afforded the unprecedented power to prevent Applied from using expert testimony simply by not itself submitting expert testimony. (Applied Opp'n Brief at 4). The invalidity of this argument is apparent considering that Applied was free to submit expert reports up until the deadline for opening reports *whether or not SEZ had submitted a previous report*. It is based on this reasoning that Applied concludes that "rebuttal expert reports" means rebuttal to SEZ's case as a whole:

> Simply put, SEZ apparently believes that it had the power to prevent Applied from offering expert testimony, because SEZ made a decision that such testimony was not necessary. SEZ is mistaken. "Rebuttal expert reports" in the context of the Court's Scheduling Order can only mean expert reports that offer rebuttal to claims upon which SEZ bears the burden of proof. To limit "rebuttal expert reports" to rebutting only opinions expressed in expert reports submitted by SEZ, as SEZ proposes, would give SEZ the unprecedented power to prevent Applied from offering expert testimony by choosing not to submit an expert report itself.

(Applied's Opp'n Brief at 4).

The Scheduling Order stylizing this opening report deadline as one for "*issues* for which the parties have the burden of proof" does not mean that the deadline did not apply to Applied for *issues* which it wished to prove just because SEZ may bear the primary/overall burden of persuasion for some of the *claims* in this suit. A party may bear the burden of persuasion as to claims in a suit and, at the same time, the burden of

moving forward or the burden of production may shift from time to time as a trial progresses and as evidence is introduced by the parties or as presumptions are raised. See DOWCP v. Greenwich Collieries, 512 U.S. 267, 274 (1994). The Scheduling Order, in mentioning "issues" rather "claims," references the shifting burden of moving forward or burden of production, not the overall burden of persuasion. Accordingly, the deadline for opening expert reports applies to each party for issues which it anticipates it may at some point bear the burden of moving forward, regardless of whether that party bears the overall burden of persuasion on a particular claim. If Applied wished to file expert reports even given the contingency that there would be no SEZ report to rebut, then it should have submitted its report by the deadline for opening reports. This applies in particular to the non-conversion and ownership claim included by Applied.

Applied's failure to conform to Rule 26(a) and the Scheduling Order cannot be excused under Rule 37(c)(1) as harmless error because Applied's untimely submission of an opening report *on* the deadline for filing *rebuttal* reports precluded SEZ from submitting a rebuttal report within the timeframe for rebuttal reports. This is the real prejudice in this situation. Applied seems to think that by submitting an opening report on the last day for submission of rebuttal reports it can prevent SEZ from submitting a proper rebuttal to their report.

**B.    Decision On SEZ's Motion Is Urgent And Required To Prevent Unfair and Irreparable Prejudice to SEZ**

SEZ considers the resolution of this dispute necessary to streamline the case for trial and motion briefing, to provide guidance to counsel regarding evidentiary issues,

and, most importantly, to prevent unfair and irreparable prejudice to SEZ's discovery and trial preparation.

It is <u>Applied's</u> transparent disregard of Rule 26 which necessitates this claim for relief and makes it timely. SEZ respectfully submits that the Scheduling Order's prohibition of motions in limine should be inapplicable where Applied's transgression of the Rules puts SEZ in an untenable prejudicial situation.

**C.    SEZ's Alternative Relief Is Necessary To Prevent Unfair and Irreparable Prejudice To SEZ Should SEZ's Motion to Preclude Be Denied**

SEZ believes that rebuttal reports should be defined in accordance with Rule 26 and, therefore, that Applied is not entitled to present untimely expert testimony under a pretense that it is a "rebuttal." However, in the event that the Court should permit Dr. Neikirk to testify, SEZ has requested the alternative relief that the Scheduling Order be modified and that SEZ be given the opportunity to appoint a rebuttal expert and depose Dr. Neikirk.

Regardless of the particular interpretation given to the Scheduling Order and Rule 26, or the Court's determination as to the timeliness of Applied's submission, the fact is that Applied's expert report does not rebut any SEZ expert testimony and is functionally an opening expert report. The clear intent of the Scheduling Order and Rule 26 is to allow direct rebuttals to opening expert testimony. SEZ should be given the opportunity to rebut if the expert report is to remain in evidence.

Applied confuses the issue by implying that SEZ forfeited its right to a rebuttal because it chose not to submit an opening expert report. However, SEZ is not requesting a modified Scheduling Order, as Applied suggests, because it had a "belated change of heart" as to the need for expert testimony. (Applied's Opp'n Brief at 7). SEZ's position is and always has been that no

expert testimony is required in this case to assist the trier of fact, particularly considering that the case is to be tried without a jury. SEZ's concern is that Applied not be permitted to offer unilateral expert opinion under a contention that it is based upon an incorrectly denominated rebuttal report.

Applied states that "SEZ provides no excuse, let alone good cause, for the modification of the Court's Scheduling Order." (Applied's Opp'n Brief at 7). SEZ is not seeking modification; it is seeking compliance with the Order consistent with the express language of Rule 26. It is not SEZ's actions that require excusing in this situation. It is Applied that submitted an untimely, improperly labeled expert report. SEZ's Motion to Preclude should be granted as a matter of law and fairness.

## CONCLUSION

For the foregoing reasons, SEZ respectfully requests that SEZ's Motion to Preclude be granted.

Of Counsel:

Douglas V. Rigler, Esq. (DC Bar #61838)
drigler@young-thompson.com
Andrew J. Patch (VA Bar #29683)
ajpatch@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street, Suite 200
Arlington, Virginia 22202
(703) 521-2297

Dated: November 30, 2006

Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
John W. Shaw (No. 3362)
jshaw@ycst.com
Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600

Attorneys for Plaintiffs SEZ Holding AG,
SEZ AG, Kurt Langen, and Philipp Engesser

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on November 30, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Thomas Lee Halkowski
>Fish & Richardson, P.C.
>919 N. Market Street, Suite 1100
>P.O. Box 1114
>Wilmington, DE 19801

I further certify that on November 30, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
alundgren@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Deleware 19801
(302) 571-6600

Attorneys for Plaintiffs SEZ Holding AG,
SEZ AG, Kurt Langen, and Philipp Engesser