IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDINGS AG,<br>SEZ AG,<br>KURT LANGEN,<br>PHILIPP ENGESSER, and<br>HANS-JURGEN KRUWINUS<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLIED MATERIALS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-552 SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

*FIRST AMENDED* PLAINTIFF SEZ HOLDINGS AG ET AL. REPLY TO COUNTERCLAIM OF DEFENDANT APPLIED MATERIALS, INC. AND COUNTERCLAIMS

## REPLY

Plaintiffs, SEZ Holding AG, SEZ AG, Kurt Langen, Philipp Engesser, and Hans-Jurgen Kruwinus (hereinafter collectively "SEZ"), hereby respond to the counterclaims of defendant Applied Materials, Inc. (hereinafter "Applied"), as follows:

1. Paragraph 24 is a statement of intent, and no response is necessary except that SEZ denies the existence of the supposed right.

2. The allegations of paragraph 25 are admitted.

3. The allegations of paragraph 26 are admitted.

4. The allegations of paragraph 27 are admitted.

5. The allegations of paragraph 28 are admitted except as to the employment status of Philipp Engesser, who is an independent contractor, not an employee, of SEZ.

Paragraph 3 of SEZ's Complaint in this Action is hereby amended and corrected accordingly.

6.   Paragraph 29 states a conclusion of law as to which no response is required.

7.   In response to Paragraph 30, SEZ admits that it brought a complaint contesting the inventorship of U.S. Patent No. 6,708,701 B2 ("the '701 Patent") in this Court.

8.   In response to Paragraph 31, SEZ admits that U.S. Patent No. 6,786,996 B2 (hereinafter "the '996 patent") issued on September 7, 2004. SEZ refers to the '996 Patent for an accurate description of its contents and denies the remainder of the allegations in Paragraph 31.

9.   In response to Paragraph 32, SEZ refers to the '996 Patent and the '701 Patent for an accurate description of their content, and otherwise denies the averments of Paragraph 32.

10.  SEZ denies the allegation of paragraph 33 that the '996 patent and the '701 patent were prosecuted before the same patent examiner in the U.S. Patent & Trademark Office. The two patents show on their face different primary and assistant examiners.

11.  SEZ admits that the '996 Patent and the '701 Patent relate to inventions for removal of an edge bead from a substrate, but due to uncertainty caused by the vagueness of the alleged substantive overlap, denies the remainder of the allegations of paragraph 34.

12.  SEZ admits that the '996 Patent issued on September 7, 2004, and denies the remainder of the allegations of paragraph 35.

13. SEZ lacks sufficient information to admit or deny the allegation of paragraph 36 and therefore denies it.

14. The allegations of paragraph 37 are admitted.

15. SEZ denies that Applied is entitled to the declarations requested in paragraph 38.

## **COUNTERCLAIMS**

SEZ asserts the following counterclaims:

1. SEZ incorporates paragraphs 1 – 13 of its FIRST AMENDED Complaint in this action into these Counterclaims by reference as if fully set forth herein.

2. As set forth in SEZ's FIRST AMENDED Complaint, the parties entered into a Joint Development Agreement ("JDA") contract on November 15, 2000 (Complaint Exhibit 1).

### COUNTERCLAIM I

### CORRECTION OF NAMED INVENTOR

3. Messrs. Langen and Engesser are the actual inventors of the inventions claimed in U.S. Patent No. 6,786,996 B2 ("the '996 Patent"), or are joint inventors of the inventions claimed in the '996 Patent, and the '996 Patent was issued in error without naming either of them as an inventor.

4. The error arose without any deceptive intent on the part of Mr. Langen or Mr. Engesser.

5. Mr. Emami was not an inventor of the invention claimed in the '996 Patent, or, in the alternative, was a joint inventor of the inventions claimed in the '996 patent.

6. Accordingly, pursuant to the provisions of 35 U.S.C. § 256, this Court should order correction of the '996 Patent and should issue an order requiring the Commissioner of Patents (the Director of the U.S. Patent and Trademark Office) to issue a Certificate of Correction naming Mr. Langen and Mr. Engesser as the inventors of the '996 Patent and deleting Mr. Emami as an inventor. In the alternative, the Court should issue an order requiring the Commissioner of Patents to issue an order naming Messrs. Langen and Engesser as co-inventors of the '996 Patent.

## COUNTERCLAIM II

### CONVERSION

7. As set forth in the JDA, SEZ is the owner of patentable inventions made prior to November 15, 2000 including the inventions claimed in the '996 Patent, and/or is the sole owner of Development IP constituting patentable inventions developed solely by SEZ during the effective period of the JDA, and/or is the owner or joint owner of patentable inventions made during the effective period of the JDA.

8. The right to file an application for the inventions claimed in the '996 Patent belonged to Mr. Langen and Mr. Engesser or their assignee, SEZ, solely or jointly with Applied and Applied's intentional filing of the U.S. Patent Application 09/978,865 and the prosecution resulting in the award of the '996 Patent, constituted conversion of SEZ's rightful ownership in the invention.

9. The conversion was willful, wanton, and malicious and SEZ is entitled to punitive and exemplary charges in an amount to be determined.

10. As a result of the conversion, SEZ has been damaged in an amount to be determined, but greater than $75,000.

4

## COUNTERCLAIM III

## BREACH OF CONTRACT

11.  As set forth in SEZ's Complaint, the parties entered into the JDA on November 15, 2000.

12.  Applied breached the JDA by, *inter alia*, filing patent applications claiming, disclosing, or based upon the Independent IP, Developed IP, or Jointly Owned Developed IP of SEZ.

13.  Applied further breached the JDA by failing to provide notice to SEZ of its intention to file the patents-in-suit, as required by Artilce 2.4 of the JDA.

14.  As a result of Applied's breach of the JDA, SEZ and Messrs. Langen and Engesser have been damaged in an amount to be determined, but greater than $75,000.

## COUNTERCLAIM IV

## MISAPPROPRIATION

15.  Pursuant to the JDA, SEZ made Independent IP, solely owned Development IP, and confidential trade secret and other proprietary information available to Applied. SEZ's Independent IP, solely owned Development IP, and confidential trade secret and other proprietary information led to the discovery of Developed IP pursuant to the parties' JDA.

16.  Applied improperly misappropriated SEZ's confidential trade secret and other proprietary Independent and Developed IP in breach of the parties' JDA by filing applications for the '701 Patent and the '996 Patent which claimed SEZ trade secrets, Independent IP, and Developed IP as its own without the permission of SEZ or Mssrs.

5

Langen, Engesser, or Kruwinus and by securing the '701 and '996 Patents in the name of Applied.

17. The misappropriation was willful, wanton, and malicious and SEZ is entitled to punitive and exemplary charges in an amount to be determined.

18. As a result of Applied's misappropriation of SEZ's Independent and Developed IP, SEZ has been damaged in an amount to be determined, but greater than $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request this Court to:

A. Order correction of the '996 Patent and require the Commissioner of the U.S. Patent and Trademark Office to issue a Certificate of Correction, naming Mr. Langen and Mr. Engesser as the inventors under the '996 Patent and deleting Mr. Emami as an inventor, or alternatively naming Messrs. Langen and Engesser as co-inventors of the '996 patent;

B. Issue an order determining that SEZ AG is the sole and exclusive owner of the inventions claimed in the '996 Patent;

C. Enjoin Applied from any further use or disclosure of SEZ's Independent IP, Developed IP, and confidential trade secret or other proprietary information;

D. Declare this Action exceptional pursuant to 35 U.S.C. § 285;

E. Award Plaintiffs the attorney fees and costs accrued by them in this action;

F. Award such damages, including punitive and exemplary damages, as are attributable to the conversion;

G. Award such damages, including punitive and exemplary damages, as may be attributable as a result of the misappropriation;

H. Award such damages as may be attributed to the breach of contract; and

I. Award such additional relief as may appear just and proper to this Court.

Arlington, Virginia

Douglas V. Rigler, Esq. (DC Bar #61838)
drigler@young-thompson.com
Andrew J. Patch (VA Bar #29683)
ajpatch@young-thompson.com
Michael Piziali, Esq. (DC Bar #455149)
mpiziali@young-thompson.com
YOUNG & THOMPSON
745 South 23rd Street, Suite 200
Arlington, Virginia 22202
Telephone: 703.521.2297
Facsimile: 703.521.8231

Attorneys for Plaintiffs,
SEZ Holding AG, SEZ AG,
Kurt Langen, Philipp Engesser, and Hans-Jurgen Kruwinus

Dated: Wilmington, Delaware
       January 9, 2007

By: *Josy W. Ingersoll by Andrew A. Lindgren (No. 4429)*
John W. Shaw (No. 3362)
jshaw@ycst.com
Josy W. Ingersoll (No. 1088)
jingersoll@ycst.com
YOUNG, CONAWAY, STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19801
Telephone: 302-571-6600
Facsimile: 302-571-1253

Local Counsel

TO:

Applied Materials, Inc.
c/o Registered Agent for Service of Process
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, hereby certify that on January 10, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Thomas Lee Halkowski, Esquire
> Fish & Richardson, P.C.
> 919 N. Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE  19801

I further certify that on January 10, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Andrew A. Lundgren*

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
alundgren@ycst.com

Attorneys for SEZ Holding AG, SEZ AG,
Kurt Langen, and Philipp Engesser