IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, PHILIPP ENGESSER, AND HANS-JURGEN KRUWINUS<br><br>Plaintiffs,<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant. | C.A. No. 05-552 SLR |

**APPLIED MATERIAL, INC.'S ANSWER & COUNTERCLAIM
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Applied Materials, Inc. ("Applied") hereby responds to the *First Amended Complaint for Correction of Named Inventor and for Enforcement of Contractual Rights* ("First Amended Complaint"), filed by Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, Philipp Engesser, and Hans-Jurgen Kruwinus (collectively, "SEZ") (D.I. 59). Applied denies each and every allegation contained in the First Amended Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may be asserted to follow from the admitted facts. Applied denies that SEZ is entitled to the relief requested or any other. Applied further states that on or about October 24, 2006, SEZ stipulated that it had no damages regarding this lawsuit.

**Response to Allegations Re the Parties**

1.     On information and belief, Applied admits that Plaintiff SEZ Holding AG is a corporation organized under the laws of Switzerland with its principal place of

business in Zurich, Switzerland, and that Plaintiff SEZ AG is a subsidiary of SEZ Holding AG. Applied is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 1 are denied.

2. On information and belief, Applied admits that Plaintiff SEZ AG is a corporation organized under the laws of Austria with its principal place of business in Villach, Austria. Applied is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 2 are denied.

3. Applied denies that Plaintiffs Kurt Langen ("Langen"), Philipp Engesser ("Engesser"), and/or Hans-Jurgen Kruwinus ("Kruwinus") have, or have ever had, any inventor's rights or other rights in U.S. Patent No. 6,708,701 ("the '701 patent"). Applied is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 and on that basis denies them.

4. Admitted.

**Response to Allegations Re Jurisdiction and Venue**

5. Admitted.

6. Admitted.

**Response to Allegations Re Background Facts**

7. Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into a confidential Joint Development Agreement ("JDA") and that, with the exception of the first page of Exhibit 1, the remainder of Exhibit 1 attached to the First Amended Complaint appears to be a copy of the JDA and a related addendum. Except as expressly admitted, all other allegations in paragraph 7 are denied, and Applied respectfully references the JDA which speaks for itself.

8. In response to the allegations of the first and third sentences of paragraph 8, Applied denies them to the extent they deviate from the express language of the JDA

2

and otherwise respectfully references the JDA which speaks for itself. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 8 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 8 are denied.

9. In response to the allegations of the first and second sentences of paragraph 9, Applied denies them to the extent they deviate from the express language of the JDA and otherwise respectfully references the JDA which speaks for itself. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 9 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 9 are denied.

10. In response to the allegations of the first sentence of paragraph 10, Applied denies them to the extent they deviate from the express language of the JDA and otherwise respectfully references the JDA which speaks for itself. The allegations of the second sentence of paragraph 10 are vague, ambiguous and unintelligible. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 10 and on that basis denies them. Except as expressly admitted, all other allegations in paragraph 10 are denied.

11. Applied admits that on October 16, 2001, Applied filed a U.S. Patent Application No. 09/981,589 ("the '589 application") with the U.S. Patent and Trademark Office. Applied also admits that Ramin Emami is the properly named inventor of the '589 application, and that Applied had no obligation to obtain an express written consent or to seek assistance of SEZ (including Langen, Engesser, or Kruwinus) regarding the filing of the '589 application, and did not do so. Except as expressly admitted, all other allegations in paragraph 11 are denied.

12. Admitted.

13. Denied.

### Response to Count I: "Correction of Named Inventor"

14. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any deceptive intent of Messrs. Langen, Engesser, or Kruwinus regarding the '701 Patent, and on that basis denies them. Applied otherwise affirmatively denies all allegations set forth in paragraph 14.

15. Denied. The Complaint fails to serve as adequate notice of any claims SEZ may have against Applied because the allegations and claims asserted therein are vague, ambiguous, incomplete as a matter of fact and law, based upon erroneous and improper assumptions and conclusions of fact and law, and unintelligible.

16. Denied.

### Response to Count II: "Conversion"

17. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 regarding SEZ's purported ownership and/or joint ownership of undefined "patentable inventions" and "Development IP constituting patentable inventions" and on that basis denies them. Applied also denies the allegations of paragraph 17 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself. All other allegations of paragraph 17 are denied.

18. Denied.

### AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Applied specifically reserves the right to allege additional affirmative defenses as factual information in support of which becomes known through the course of discovery.

**First Affirmative Defense**
**(Re Counts I and II: Failure to State a Claim)**

19. The Complaint fails to state a claim against Applied upon which relief can be granted.

**Second Affirmative Defense**
**(Re Counts I and II:  Laches)**

20. SEZ's belated assertions of inventorship under 35 U.S.C. § 256 and belated conversion claim based on its alleged inventorship are barred by the doctrine of laches.

**Third Affirmative Defense**
**(Re Counts I and II:  Estoppel)**

21. SEZ's belated assertions of inventorship and belated conversion claim based on its alleged inventorship are barred by the doctrine of equitable estoppel.

**Fourth Affirmative Defense**
**(Re Counts I and II:  Acquiescence)**

22. SEZ's belated assertions of inventorship and belated conversion claim based on its alleged inventorship are also barred by the doctrine of acquiescence.

**Fifth Affirmative Defense**
**(Re Count II:  Preemption by Federal Patent Law)**

23. To the extent SEZ's conversion claim is based on an alleged interference with or appropriation of its purported rights in the '589 application, the '701 patent, or the invention(s) disclosed therein, or is premised upon a claim of inventorship in the '701 patent, it is preempted by the Federal patent law.

**Sixth Affirmative Defense**
**(Count II:  Statute of Limitations)**

24. The parties have agreed that New York law should govern SEZ's conversion claim. SEZ's conversion claim is barred by the three-year statute of limitations under New York law.

## **COUNTERCLAIM**

Applied hereby incorporates by reference paragraphs 24-38 of its Answer and Counterclaim, filed December 2, 2005, and repeats the counterclaim set forth therein. (D.I. 9).

## **PRAYER FOR RELIEF**

WHEREFORE, Applied prays for entry of judgment against SEZ as follows:

i. That SEZ take nothing by its First Amended Complaint;

ii. That SEZ's First Amended Complaint be dismissed with prejudice;

iii. That Applied be awarded its costs, expenses and reasonably attorneys fees in this action, including, *inter alia*, the issuance of a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

iv. That Applied be awarded all the relief sought in its Answer and Counterclaim, filed December 2, 2005;

v. That the Court grant Applied any such other and further relief as the Court may deem just and proper.

Dated:  January 25, 2007		FISH & RICHARDSON P.C.


By: /s/ *Thomas L. Halkowski*
Thomas L. Halkowski (#4099)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070
Fax:  (302) 652-0607

Juanita R. Brooks
Albert R. Ubieta
12390 El Camino Real
San Diego, CA 92130
Tel:  (858) 678-5070
Fax: (858) 678-5099

Limin Zheng
500 Arguello Street, Suite 500
Redwood City, CA  94063
Tel:  (650) 839-5070
Fax:  (650) 839-5071

Attorneys for Defendant
APPLIED MATERIALS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2007, I electronically filed **APPLIED MATERIALS, INC.'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel. In addition, the filing was sent via hand delivery:

| | |
|---|---|
| Josy W. Ingersoll<br>John W. Shaw<br>Andrew A. Lundgren<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

I hereby certify that on the 25th day of January 2007, I served the attached document via e-mail and first class mail on the following:

| | |
|---|---|
| Douglas V. Rigler<br>Andrew J. Patch<br>Young & Thompson<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

50394119.DOC