IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEZ HOLDING AG, SEZ AG, KURT LANGEN, AND PHILIPP ENGESSER<br><br>Plaintiff(s),<br><br>v.<br><br>APPLIED MATERIALS, INC.,<br><br>Defendant(s). | C.A. No. 05-552 SLR |

**APPLIED MATERIALS, INC.'S REPLY TO
PLAINTIFFS' FIRST AMENDED COUNTER-COUNTERCLAIMS**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Applied Materials, Inc. ("Applied") hereby responds to the *First Amended Plaintiff SEZ Holding AG et al. Reply to Counterclaim of Defendant Applied Materials, Inc. and Counterclaims* ("First Amended Counter-Counterclaims"), filed by Plaintiffs SEZ Holding AG, SEZ AG, Kurt Langen, Philipp Engesser, and Hans-Jurgen Kruwinus (collectively, "SEZ"). (D.I. 60). Applied denies each and every allegation contained in the First Amended Counter-Counterclaims that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may be asserted to follow from the admitted facts.  Applied denies that SEZ is entitled to the relief requested or any other.  Applied further states that on or about October 24, 2006, SEZ stipulated that it had no damages regarding this lawsuit.

1. Applied incorporates by reference paragraphs 1-13 of *Applied Material, Inc.'s Answer and Counterclaim to Plaintiffs' First Amended Complaint* ("Answer & Counterclaim to First Amended Complaint"), as if fully set forth herein.

2. Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into a confidential Joint Development Agreement ("JDA") and that, with the exception of the first page, the remainder of Exhibit 1 attached to the First Amended Complaint appears to be a copy of the JDA and a related addendum. Except as expressly admitted, all other allegations in paragraph 2 are denied, and Applied respectfully references the JDA which speaks for itself.

**Response re Counter-Counterclaim I:  "Correction of Named Inventor"**

3. Denied.

4. Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding any deceptive intent of Messrs. Langen and Engesser regarding U.S. Patent No. 6,786,996 ("the '996 patent"), and on that basis denies them. Applied otherwise affirmatively denies all allegations set forth in paragraph 4.

5. Denied.

6. Denied.

**Response re Counter-Counterclaim II:  "Conversion"**

7. The allegations of paragraph 7 include legal conclusions that Applied is not required to admit or deny. To the extent paragraph 7 contains any factual allegations, Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 regarding SEZ's purported ownership and/or joint ownership of undefined "patentable inventions" and "Development IP constituting patentable inventions" and on that basis denies them. Applied also denies the allegations of paragraph 7 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself. Applied otherwise affirmatively denies any factual allegations set forth in paragraph 7.

8. Denied.

9. Denied.

10. Denied. On or about October 24, 2006, SEZ stipulated that it had no damages regarding this lawsuit.

### Response re Counter-Counterclaim III: "Breach of Contract"

11. Applied admits that on or about November 15, 2000, Applied and SEZ Holding AG entered into the JDA. Except as expressly admitted, all other allegations in paragraph 11 are denied, and Applied respectfully references the JDA which speaks for itself.

12. Denied.

13. Denied.

14. Denied. On or about October 24, 2006, SEZ stipulated that it had no damages regarding any of its asserted claims or counterclaims.

### Response re Counter-Counterclaim IV: "Misappropriation"

15. The allegations of paragraph 15 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 15 contains any factual allegations, Applied is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 regarding SEZ's purported, undefined "trade secret and other proprietary information," and on that basis denies them. Applied denies the allegations of paragraph 15 to the extent they deviate from the express language of the JDA and respectfully references the JDA which speaks for itself. Applied otherwise affirmatively denies any factual allegations set forth in paragraph 15.

16. The allegations of paragraph 16 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 16 contains any factual allegations, Applied admits that it filed the patent applications that issued as the '996 patent and U.S. Patent No. 6,708,701 ("the '701 patent"), and admits that Applied is the rightful assignee of the '996 and '701 patents. Applied had no obligation to expressly obtain written permission from Plaintiffs (including Messrs. Langen, Engesser, and/or Kruwinus)

regarding the filing of the patent applications, and did not do so. Except as expressly admitted, Applied affirmatively denies any factual allegations set forth in paragraph 16.

17. The allegations of paragraph 17 are legal conclusions that Applied is not required to admit or deny. To the extent paragraph 17 contains any factual allegations, they are denied.

18. Denied. On or about October 24, 2006, SEZ stipulated that it had no damages regarding any of its asserted claims or counterclaims.

### AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, Applied specifically reserves the right to allege additional affirmative defenses as factual information becomes known through the course of discovery.

### First Affirmative Defense
### (Re All Counter-Counterclaims: Failure to State a Claim)

19. The Counter-Counterclaims fail to state a claim against Applied upon which relief can be granted.

### Second Affirmative Defense
### (Re All Counter-Counterclaims: Laches)

20. SEZ's belatedly asserted counter-counterclaims are barred by the doctrine of laches.

### Third Affirmative Defense
### (Re All Counter-Counterclaims: Estoppel)

21. SEZ's belatedly asserted counter-counterclaims are barred by the doctrine of equitable estoppel.

### Fourth Affirmative Defense
### (Re All Counter-Counterclaims: Acquiescence)

22. SEZ's belatedly asserted counter-counterclaims are also barred by the doctrine of acquiescence.

### Fifth Affirmative Defense
### (Re Counter-Counterclaims II, III & IV:  Preemption by Federal Patent Law)

23.     To the extent SEZ's conversion, breach-of-contract and/or misappropriation counter-counterclaims are based on an alleged interference with or appropriation of its purported rights in the '701 and '996 patents, the patent applications that issued as the '701 and '996 patents, or the inventions disclosed therein, or are premised upon a claim of inventorship in the '701 and/or '996 patents, they are preempted by the Federal patent law.

### Sixth Affirmative Defense
### (Re Counter-Counterclaims II & IV:  Statute of Limitations)

24.     The parties have agreed that New York law should govern SEZ's conversion, misappropriation, and breach of contract claims.  SEZ's conversion and misappropriation counter-counterclaims are barred by the three-year statute of limitations under New York law.

### PRAYER FOR RELIEF

WHEREFORE, Applied prays that the Court dismiss SEZ's counter-counterclaims with prejudice, deny in all respects SEZ's prayer for relief, and enter judgment against SEZ as follows:

i.      That SEZ take nothing by its First Amended Counter-Counterclaims;

ii.     That SEZ's First Amended Counter-Counterclaims be dismissed with prejudice;

iii.    A declaration that: (a) SEZ is not entitled to an Order changing inventorship of the duly issued '701 or '996 patents; (b) SEZ AG is not entitled to ownership of the '701 or '996 patents; (c) Applied has not converted the inventions or subject matter claimed in the '701 or '996 patents from SEZ; (d) Applied has not

breached the JDA; and (e) Applied has not misappropriated from SEZ any of SEZ's purported trade secrets or any subject matter claimed in the '701 or '996 patents;

  iv. That Applied be awarded its costs, expenses and reasonably attorneys fees in this action, including, *inter alia*, the issuance of a determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

  v. That the Court grant Applied any such other and further relief as the Court may deem just and proper.


Dated: January 25, 2007   FISH & RICHARDSON P.C.


        By: /s/ *Thomas L. Halkowski*
          Thomas L. Halkowski (#4099)
          919 N. Market Street, Suite 1100
          P.O. Box 1114
          Wilmington, DE  19899-1114
          Tel:  (302) 652-5070
          Fax:  (302) 652-0607

          Juanita R. Brooks
          Albert R. Ubieta
          12390 El Camino Real
          San Diego, CA 92130
          Tel:  (858) 678-5070
          Fax: (858) 678-5099

          Limin Zheng
          500 Arguello Street, Suite 500
          Redwood City, CA  94063
          Tel:  (650) 839-5070
          Fax:  (650) 839-5071

         Attorneys for Defendant
         APPLIED MATERIALS, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2007, I electronically filed **APPLIED MATERIALS, INC.'S REPLY TO PLAINTIFFS' FIRST AMENDED COUNTER-CLAIMS** with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following Delaware counsel. In addition, the filing was sent via hand delivery:

| | |
|---|---|
| Josy W. Ingersoll<br>John W. Shaw<br>Andrew A. Lundgren<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

I hereby certify that on the 25th day of January 2007, I served the attached document via e-mail and first class mail on the following:

| | |
|---|---|
| Douglas V. Rigler<br>Andrew J. Patch<br>Young & Thompson<br>745 South 23rd Street<br>Arlington, VA 22202 | *Attorneys for Plaintiffs*<br>*SEZ AG, Kurt Langen and Phillipp*<br>*Engesser* |

/s/ *Thomas L. Halkowski*
Thomas L. Halkowski

50394121.DOC